FRANKLIN HOWES *vs.* INHABITANTS OF ASHFIELD.

At a trial to assess damages for an injury sustained by a laborer through a defect in a highway, increased damages were not claimed on account of others dependent on the plaintiff for support; and there was no evidence that any one was so dependent; nor any evidence of what family he had, except such as was introduced incidentally and without objection. *Held*, that, under these circumstances, there was no ground of exception to the addition by the judge to an instruction to the jury "that the plaintiff was entitled to recover damages for the diminution of his ability to labor," of the words "*for his own* support and the support of those dependent on him."

TORT for an injury sustained by the fall of a bridge in a highway in Ashfield on August 20, 1867. At the trial in the superior court, before *Devens*, J., the only question submitted to the jury was of damages, which they assessed in the sum of $4183.33 ; and the defendant alleged exceptions of which the following was the material part :

" The evidence tended to show that before the injury complained of the plaintiff was a healthy, robust and laborious man, fifty-two years of age : that he had a wife and a family of children, some of whom were minors, living with him in the defendant town ; that he had been by occupation at different periods of his life a farmer, a tanner, and a peddler ; that by the fall of the bridge he received a severe concussion of the spine by a blow upon the back of his neck and left shoulder, whereby he had since been disabled from performing any labor ; that his spinal disease had not been alleviated by any medical treatment to which he had submitted, but had continued to grow worse, so that at the present time there was not more than an even chance that he would ever be restored or be any better.

" The judge instructed the jury, among other things not objected to, that the plaintiff was entitled to recover damages for the diminution of his ability to labor for his own support and the support of others dependent upon him ; to which ruling and instruction the defendants except."

These exceptions the judge allowed, with additions in substance as follows : " There was no evidence that any one was dependent on the plaintiff for support, and no evidence of what

family he had, except such as came in casually and incidentally on one side and the other without objection. The plaintiff's deposition was taken and read in evidence, in a direct interrogatory in which he was asked what family he had in August 1867, with the names, ages and residence of his children; which interrogatory with the answer thereto were on the defendants' objection excluded. No point was made on either side, nor any allusion, in regard to the plaintiff's family as affecting the amount of damages.

"Before the charge to the jury, the defendants presented numerous written requests for instructions upon the rule of damages applicable to the case. The judge stated in substance what instructions he should give, among other things stating that he should instruct the jury that they should give damages for the diminution of the plaintiff's capacity to labor; and these instructions were assented to by both parties. The judge further requested the counsel on both sides that if, after hearing the charge, the instructions did not meet their views of the law, they should call his attention thereto at the close of the charge. The defendants' counsel accordingly, at the conclusion thereof, called his attention to one particular, in respect to which they requested different or more full instructions. These were in reference to the plaintiff's alleged negligence after the injury to take suitable care of himself. The instructions thus requested were given. No suggestion in regard to the matter now presented in the bill of exceptions was made by the defendants' counsel; and they were not understood at the time by the presiding judge to raise any exceptions to the instructions as finally given to the jury."

*L. Aiken,* for the defendants.

*C. Allen & S. O. Lamb,* for the plaintiff, were not called upon.

WELLS, J. The instruction "that the plaintiff was entitled to recover damages for the diminution of his ability to labor" was correct. If it had been that and nothing more, the defendants do not contend that it would have been wrong. In the opinion of the court, the addition of the words "for his own support and the support of those dependent upon him" did not

enlarge the ground of damages; nor imply that the jury were authorized to consider, as a special ground of damage, the loss of such support by those who might be dependent upon the plaintiff. It was a redundancy of expression, which might furnish a reason for setting aside the verdict, if it should appear that the language was likely to mislead the jury. But, from the statement of the judge which accompanies these exceptions, it is manifest that it could have no such tendency. Increased damages were not claimed, at the trial, on account of others dependent upon the plaintiff. We cannot suppose, therefore, that this expression of the judge was applied by the jury in a wrong sense. *Exceptions overruled.*