EDWARD B. LEWIS *vs.* CITY OF SPRINGFIELD.

Hampden.    September 22, 1927. — November 10, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Damages*, In tort: from defect in public way. *Way*, Public.: defect. *Words*, "Bodily injury."

In an action under G. L. c. 84, § 15, by one who has suffered bodily injury by reason of a defect in a public way, the plaintiff is entitled to recover compensation and damages for such injuries, including, among other elements, time lost in employment, impairment of earning capacity, sums paid for medical attendance, and mental suffering, if such damages directly result from the bodily injury as natural and probable results of the physical harm.

TORT, under G. L. c. 84, § 15, for personal injuries resulting from a fall in a trench in a public way in Springfield. Writ dated April 30, 1925.

In the Superior Court, the action was tried before *Callahan*, J. Material evidence and rulings by the judge are stated in the opinion. There was a verdict for the plaintiff in the sum of $4,000. The defendant alleged exceptions.

The case was submitted on briefs.

*C. H. Beckwith*, City Solicitor, *& D. M. Macaulay*, Assistant City Solicitor, for the defendant.

*W. G. McKechnie & J. F. Egan*, for the plaintiff.

CROSBY, J. This action is brought under G. L. c. 84, § 15, which provides in part as follows: "If a person sustains bodily injury or damage in his property by reason of a defect or a want of repair or a want of a sufficient railing in or upon a way, and such injury or damage might have been prevented, or such defect or want of repair or want of railing might have been remedied by reasonable care and diligence on the part of the county, city, town or person by law obliged to repair the same, he may . . . recover damages therefor from such county, city, town or person . . . ." The only question involved relates to the elements of damage which may be recovered.

The plaintiff, who had been blind for several years before the accident, had as his only gainful occupation that of reseating cane chairs. He offered evidence tending to show the following facts: that his average weekly income from his work since the accident was less than before that time; that his sense of feeling in the fingers of his left hand is duller than before the accident so that he is unable to do his work as well with that hand as before and for that reason cannot do so much work. He testified that "his experience in meeting with the accident had so filled him with fear that he could not walk abroad unattended, and in consequence could not get so many jobs reseating cane seat chairs." The foregoing evidence was admitted subject to the defendant's exception.

The court was requested by the defendant to instruct the jury that "If the plaintiff is entitled to recover, he can not recover damages for loss of time in his employment or for impairment of his earning capacity." This request was refused subject to the defendant's exception. The jury in substance were instructed that if they found for the plaintiff he was entitled to recover compensation for pain and suffering caused by the injury and for the physical inconvenience, if any, suffered in consequence of the injury, and for loss of earning capacity and the expense he was put to in effecting a recovery. To these instructions the defendant excepted. It is the contention of the defendant that the phrase "bodily injury" as used in the statute does not per-

mit a recovery for loss of time by the plaintiff or for impairment of his earning capacity.

Under Rev. Sts. c. 25, § 22, it was provided that "If any person shall receive any injury in his person or property, by reason of any defect or want of repair . . . the person so injured may recover . . . ." In *Harwood* v. *Lowell*, 4 Cush. 310, which was decided in 1849, it was said by Chief Justice Shaw at page 313, that in view of the progress of legislation "there was no intention to change the rule of law, so as to include consequential damages; that the Legislature well understood, that the prior law gave damages only for direct injury to the person, and direct injury to personal property, and intended to reënact the same rule in the present terms." In that case it was held that a husband whose wife had been injured by reason of a defect in the highway could not recover for loss of her services or for medical and other expenses incurred in consequence of the injury. The year after this decision was rendered St. 1850, c. 5, was enacted; it amended Rev. Sts. c. 25, § 22.

It was said by Chief Justice Shaw in *Sawyer* v. *Northfield*, 7 Cush. 490, at pages 491, 492, that the statute "substitutes the term 'bodily injury,' instead of 'injury in his person,' in conformity with the recent decision in the case of *Harwood* v. *Lowell*, 4 Cush. 310. The immediate occasion of the statute probably was the recent decision in the case of *Brady* v. *Lowell*, 3 Cush. 121, in which it was held, that no action would lie against a town, either for single or double damages, unless the defect had existed twenty four hours, at the time of the accident." We assume that under Rev. Sts. c. 25, § 22, as well as under St. 1850, c. 5, and under the present statute G. L. c. 84, § 15, that no damages can be recovered which are merely consequential in their nature, and that the damages recoverable in an action of this kind are limited to those which are directly the result of a bodily injury. Accordingly, it has been held that a town is not liable for damage caused by an obstruction in a highway due to snow, whereby a traveller was prevented from passing over it with his horses and sleigh and was put to expense in extricating them. *Brailey* v. *Southborough*, 6 Cush. 141. It was held

in *Nestor* v. *Fall River*, 183 Mass. 265, that damages under the statute could not be recovered by a father for money paid a physician employed by him to attend his minor daughter who was injured by a defect in a way. In *Raymond* v. *Haverhill*, 168 Mass. 382, it was held that the plaintiff could not recover for injuries arising from a defect in a highway as the damages sought were not the direct result of the injury.

It is manifest that in the cases above referred to the damages were not the result of a direct injury to the person or to property. Accordingly they are not pertinent to the facts in the case at bar, where the plaintiff seeks to recover damages resulting from a direct bodily injury. This is not a claim based upon consequential injuries sustained by one person as the result of a direct harm done to another following an accident, but is brought by the person who suffered the bodily injury. See *Putnam* v. *Savage*, 244 Mass. 83, 86.

*Howes* v. *Ashfield*, 99 Mass. 540, held that a person who sustained damages through a defect in a highway could recover for the diminution of his ability to labor. *Johnson* v. *Holyoke*, 105 Mass. 80, held that the plaintiff was entitled to recover for the injury to his person, for the damages which were the immediate consequence of the injury to his horse, and for the damage to his carriage; and that in estimating these damages the jury were permitted to take into consideration the length of time that had elapsed before the horse recovered from his injury, and the length of time necessary for the repair of the carriage, and the necessary expense of hiring another for use meanwhile, if that was the most prudent and economical course to adopt.

In *George* v. *Haverhill*, 110 Mass. 506, the plaintiff, who kept a boarding house, suffered bodily injuries by reason of a defect in the highway. It was held that for the purpose of proving the extent of her injury she could show the amount of work she was able to perform before she was injured as appeared by the number of boarders she kept, thereby showing the impairment of her earning capacity. *Harmon* v. *Old Colony Railroad*, 165 Mass. 100, 105. See also *Conklin* v. *Consolidated Railway*, 196 Mass. 302, 307; *Stynes* v. *Boston Elevated Railway*, 206 Mass. 75, 77. In *Barron* v. *Water-*

*town,* 211 Mass. 46, which was an action to recover for bodily injuries caused by a defect in a highway, it was held that the plaintiff was entitled to compensatory damages including the expenses reasonably incurred for medical treatment.

It is plain that the plaintiff in the case at bar was entitled to recover as elements of damages for loss of time in his employment, impairment of his earning capacity, and the amount paid by him for medical attendance. It remains to consider whether in a case of this kind mental suffering is a proper element of damages.

The plaintiff testified that "his experience in meeting with the accident had so filled him with fear that he could not walk abroad unattended." We construe this in effect as a statement that as a result of the bodily injury which the plaintiff sustained he suffered mentally. In *Canning* v. *Williamstown,* 1 Cush. 451, which was an action brought under Rev. Sts. c. 25, § 22, it was held that no recovery could be had for mere fright and mental suffering, but if the plaintiff received a bodily injury, and as a result of such injury he suffered mentally, such suffering was a part of the injury for which he was entitled to damages. The opinion makes no distinction between the words "injury in his person" and "bodily injury," but treats them as equivalent terms. This case was decided before St. 1850, c. 5, § 1, was enacted; but it never has been held that the statute changed the law relating to damages as it stood under Rev. Sts. c. 25, § 22. *Canning* v. *Williamstown, supra,* has been cited with approval in many decisions of this court. *Ballou* v. *Farnum,* 11 Allen, 73, 79. *Campbell* v. *Race,* 7 Cush. 408, 413. *Smith* v. *Holcomb,* 99 Mass. 552, 555. *Spade* v. *Lynn & Boston Railroad,* 168 Mass. 285, 287.

It was said in *Sullivan* v. *Old Colony Street Railway,* 197 Mass. 512, at page 516, "Mental suffering connected with and growing out of physical injury is a legitimate element to be considered in determining damages against a person wrongfully causing an injury. Such suffering is to a greater or less extent inseparably connected with physical harm, and flows from it as a natural result"; citing *Canning* v. *Williamstown, supra.*

It is manifest that where mental suffering is connected with a bodily injury, it is a proper element of damages. Cases in other jurisdictions upon statutes similar to those here involved are in accord with the result which we have reached. *Chidsey* v. *Canton,* 17 Conn. 475. *Brown* v. *Southbury,* 53 Conn. 212. *Lounsbury* v. *Bridgeport,* 66 Conn. 360. *Reed* v. *Belfast,* 20 Maine, 246. *Verrill* v. *Minot,* 31 Maine, 299. *Sanford* v. *Augusta,* 32 Maine, 536. *McLaughlin* v. *Bangor,* 58 Maine, 398. *Roberts* v. *Detroit,* 102 Mich. 64. *Whitcomb* v. *Barre,* 37 Vt. 148. *Wheeler & Harding* v. *Townshend,* 42 Vt. 15. *Bovee* v. *Danville,* 53 Vt. 183.

The result is that when a bodily injury is received by reason of a defect in a highway, and other injuries directly flow from the bodily injury as a natural and probable result of the physical harm, the injured person may recover for such injuries. They are not consequential in the sense in which that term is ordinarily understood, but are direct, immediate and ordinarily inseparable from the physical impairment and harm. It follows that the evidence excepted to was properly admitted and the ruling requested was rightly denied. The instructions of the presiding judge fully and correctly dealt with all the issues of law presented.

*Exceptions overruled.*