ALLSTATE INSURANCE COMPANY vs. MARILYN DIAMANT
& others.[1]

Essex.   December 9, 1987. — February 9, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & LYNCH, JJ.

*Insurance,* Homeowners' insurance, Construction of policy, Coverage, Insurer's obligation to defend. *Emotional Distress. Libel and Slander.* *Words,* "Bodily injury," "Personal injury."

The term "bodily injury," as defined in the portion of a policy of "deluxe" homeowners insurance setting out the losses covered by the policy, did not encompass damages for emotional distress, mental pain and anguish, and injury to reputation, and, consequently, the insurer that issued the policy was not required to defend the insureds in a suit brought against them for defamation and intentional infliction of emotional distress. [656-659]

CIVIL ACTION commenced in the Superior Court Department on February 15, 1985.

The case was heard by *J. Harold Flannery,* J., on a motion for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Benjamin W. Corey (Craig A. Cellitti* with him) for the defendants.

*Charles M. Furcolo* for the plaintiff.

LIACOS, J. In February, 1985, the plaintiff, Allstate Insurance Company (Allstate), filed this action for declaratory judgment. The defendants, Marilyn Diamant, Bruce Diamant, and Andrea Diamant (Diamants), were insured by an Allstate "deluxe" homeowners insurance policy. They had sought to have Allstate provide coverage and to defend them in a suit brought against them by Mary White. Allstate filed a motion for sum-

---

[1] Bruce Diamant, husband, and Andrea Diamant, daughter.

mary judgment on the ground that the policy did not cover the allegations asserted against the Diamants in the White complaint. After a hearing, the judge granted summary judgment for Allstate. The Diamants appeal. We transferred this case from the Appeals Court on our own motion. We affirm the judgment.

The relevant facts are these. The Diamants were the defendants in a lawsuit brought against them by Mary White. White alleged in her complaint that she was a tenured teacher with the Swampscott public high school and that Andrea Diamant had been her student. Andrea Diamant received a failing grade in algebra, a subject that White taught. The Diamants sent a letter to the principal of the Swampscott public high school complaining that White was a "psychologically damaged teacher" who treated Andrea Diamant unfairly. The complaint also alleged that other defamatory letters and forms of communication were published by the Diamants.

The White complaint alleged three separate claims for defamation and one claim for intentional infliction of emotional distress. The injuries alleged by White did not consist of any physical harm or manifestation of physical injury. Rather, White alleged that she "has been held up to contempt and reproach, has suffered metal pain and anguish, and has been irreparably injured, prejudiced and harmed in her profession and professional standing."

The Allstate "deluxe" homeowners policy insures the Diamants' home. In the "Family Liability" portion, the policy sets out the covered losses: "We will pay all sums arising from the same loss which an *insured person* becomes legally obligated to pay as damages because of *bodily injury* or *property damage* covered by this part of the policy" (emphasis in original). "Bodily Injury" is defined in the policy as "bodily injury, sickness or disease, including resulting death, care and loss of services."

The Diamants sought to have Allstate defend them in the suit filed by White and to indemnify them for any damages which the Diamants would be obligated to pay White as a result of her suit. Allstate denied coverage on the basis that the

injuries alleged by White were not bodily injuries. Allstate then sought an adjudication of its rights and duties under the policy by bringing the present action. The only issue before us is whether the coverage for "bodily injury," as defined in the policy, encompasses damages for emotional distress, mental pain and anguish, and injury to White's reputation.

The Diamants argue that the term "bodily injury" includes emotional distress, injury to reputation, and mental pain and anguish. They rely on three Massachusetts cases, *Cormier* v. *Hudson,* 284 Mass. 231 (1933), *Lewis* v. *Springfield,* 261 Mass. 183 (1927), and *Canning* v. *Williamstown,* 1 Cush. 451 (1848), for the proposition that "bodily injury" and "injury to the person" are used synonymously in the jurisprudence of the Commonwealth. Because the injuries alleged by White are "personal injuries," assert the Diamants, the Allstate policy covers them.

It is well settled in insurance law that "bodily injury" and "personal injury" are not synonymous and that these phrases have two distinct definitions. See 7A J. Appleman, Insurance Law and Practice § 4501.14 (rev. ed. 1979). The term "personal injury" is broader and includes not only physical injury but also any affront or insult to the reputation or sensibilities of a person. "Bodily injury," by comparison, is a narrow term and encompasses only physical injuries to the body and the consequences thereof.

Many jurisdictions recognize the distinctions between these terms. See, e.g., *Artcraft of N.H., Inc.* v. *Lumberman's Mut. Casualty Co.,* 126 N.H. 844, 846 (1985); *McCroskey* v. *Cass County,* 303 N.W.2d 330, 336 (N.D. 1981); *Grant* v. *North River Ins. Co.,* 453 F. Supp. 1361, 1367 (N.D. Ind. 1978). "The use of the term 'bodily injury' in the policy limits the harm covered by the policy to *physical* injury, sickness, or disease and does not include nonphysical harm to the person" (emphasis in original). *Rolette County* v. *Western Casualty & Sur. Co.,* 452 F. Supp. 125, 130 (D.N.D. 1978).

The cases cited by the Diamants in support of their proposition that the terms are used interchangeably are inapposite. In *Lewis, supra,* and *Canning, supra,* the plaintiffs sustained

physical injuries in addition to the mental suffering for which the plaintiffs received damage awards.[2] In both instances, it was important to the plaintiffs' cases that the mental sufferings were connected with, and grew out of, physical injuries. *Lewis, supra* at 188. *Canning, supra* at 452. *Cormier* v. *Hudson, supra,* also does not support the Diamants' position. In *Cormier,* the parents of children injured in an automobile accident in New Hampshire sued the driver of the vehicle for medical expenses and loss of services. The driver had an extraterritorial insurance coverage in his policy. The court held that the parents, while not suffering physical injuries themselves, could recover under the extraterritorial clause for consequential damages. The terms of the extraterritorial insurance policy covered "liability . . . for damages *on account of bodily injuries* . . . suffered by any person" (emphasis supplied). *Cormier, supra* at 233. The court distinguished the language in the extraterritorial clause from the compulsory insurance coverage which provided "liability to pay damages to others for bodily injuries." *Cormier, supra* at 234. The court found the language in the extraterritorial clause to be broader and to cover the consequential damages claimed by the parents — the damages that the parents incurred as a result of, or "on account" of, the bodily injuries suffered by their children. See *Bilodeau* v. *Lumbermens Mut. Casualty Co.,* 392 Mass. 537, 541 (1984) (coverage "for bodily injury" conceded to include loss of consortium claim which flowed from bodily injury).

---

[2] The language the Diamants point to in *Canning* as supportive of their position actually undermines it: "The argument for the defendants assumes that the plaintiff sustained no injury in his person, within the meaning of the statute, but merely incurred risk and peril, which caused fright and mental suffering. If such were the fact, the verdict would be contrary to law. But we must suppose that the jury, under the instructions given to them, found that the plaintiff received an injury in his person — a bodily injury — and that they did not return their verdict for damages sustained by mere mental suffering caused by the risk and peril which he incurred. And though that bodily injury may have been very small, yet if it was a ground of action, within the statute, and caused mental suffering to the plaintiff, that suffering was a part of the injury for which he was entitled to damages." *Canning, supra* at 452. While the court interchanges the terms "bodily injury" and "injury in his person," both are used to connote physical injury.

There are no cases in the Commonwealth which hold that "bodily injury" means "personal injury" and does not require physical injury. In fact, *Williams* v. *Nelson,* 228 Mass. 191, 196 (1917), holds just the opposite: "Bodily injury imports harm arising from corporeal contact. In this connection 'bodily' refers to an organism of flesh and blood. It is not satisfied by anything short of physical, and is confined to that kind of injury."

The Diamants argue, however, that the term "bodily injury" is ambiguous and, as such, should be construed in favor of the insured, citing *Cody* v. *Connecticut Gen. Life Ins. Co.,* 387 Mass. 142 (1982). We do not find the term ambiguous. "As a general rule, other jurisdictions have found the term 'bodily injury' to be unambiguous and understood to mean hurt or harm to the human body, contemplating actual physical harm or damage to a human body." *Farm Bureau Mut. Ins. Co.* v. *Hoag,* 136 Mich. App. 326, 334 (1984) (bodily injury does not include humiliation and mental anguish and suffering). See *Cotton States Mut. Ins. Co.* v. *Crosby,* 244 Ga. 456, 459 (1979). It is well established in other jurisdictions that the term "bodily injury" in insurance policies requires some type of physical harm. See, e.g., *Bituminous Fire & Marine Ins. Co.* v. *Izzy Rosen's, Inc.,* 493 F.2d 257, 261 (6th Cir. 1974); *American & Foreign Ins. Co.* v. *Church Schools,* 645 F. Supp. 628, 632 (E.D. Va. 1986); *St. Paul Fire & Marine Ins. Co.* v. *Campbell County School Dist. No. 1,* 612 F. Supp. 285, 287 (D. Wyo. 1985); *Grant* v. *North River Ins. Co., supra; Rolette County* v. *Western Casualty & Sur. Co., supra; Artcraft of N.H., Inc.* v. *Lumberman's Mut. Casualty Co., supra; McCroskey* v. *Cass County, supra.*[3]

---

[3] We note also that, to the extent the Allstate policy provides that bodily injury includes "sickness and disease," this phrase also requires a showing of a physical affliction. See *Palumbo* v. *Metropolitan Life Ins. Co.,* 296 Mass. 358 (1937).

The claims made by White for emotional distress and injury to reputation are not "bodily injuries" under the Allstate policy. There was no error.

*Judgment affirmed.*