RONALD C. MCNEILL *vs.* METROPOLITAN PROPERTY AND
LIABILITY INSURANCE COMPANY.

Norfolk. March 6, 1995. - June 15, 1995.

Present: WILKINS, ABRAMS, O'CONNOR, & GREANEY, JJ.

*Practice, Civil,* Summary judgment. *Insurance,* Construction of policy,
Motor vehicle insurance, Coverage. *Emotional Distress. Words,* "Bod-
ily injury," "Per person."

A claim for the wrongful death of a passenger in an automobile accident
brought by her father and a claim for negligent infliction of emotional
distress brought by the father on his own behalf as a result of his wit-
nessing his daughter's injured state at the accident scene were subject
to the same single "per person" limit of liability coverage under the
clear and unambiguous language of the applicable standard personal
automobile insurance policy provision that limited coverage for all
claims resulting from bodily injury to one person in one accident. [587-
591]

CIVIL ACTION commenced in the Superior Court Depart-
ment on August 17, 1992.

The case was heard by *Judith A. Cowin,* J., on motions for
summary judgment.

The Supreme Judicial Court granted an application for di-
rect appellate review.

*Robert J. DiLibero* (*John C. McDonald* with him) for the
plaintiff.

*Alice Olsen Mann* (*Karyn T. Hicks* with her) for the
defendant.

ABRAMS, J. The plaintiff's daughter was involved in an ac-
cident while a passenger in an automobile driven by John
Desjardins. The plaintiff, Ronald C. McNeill, arrived at the
accident scene and witnessed his daughter's injured state.
His daughter died from her injuries two days later. As a re-
sult, the plaintiff suffered emotional distress which exacer-

bated his diabetic condition and led to his developing an ulcer.[1]

The plaintiff, as administrator of his daughter's estate, brought a wrongful death action against Desjardins. He also brought an action against Desjardins on his own behalf for negligent infliction of emotional distress. At the time of the accident, Desjardins was insured under a policy issued by the defendant. The policy provides optional bodily injury liability coverage in the amount of $100,000 "per person" and $300,000 "per accident."

The policy is a standard personal automobile insurance policy. It provides: "The most we will pay for injuries to one or more persons as a result of bodily injury to any one person in any one accident is shown on the Coverage Selections Page as the 'per person' limit. Subject to this limit, the most we will pay for injuries to two or more people as the result of bodily injury to two or more people in any one accident is shown on the Coverage Selections Page as the 'per accident' limit."[2]

The wrongful death claim was settled for the policy's $100,000 "per person" limit. The defendant contended that both claims were subject to a single "per person" limit of $100,000. The plaintiff filed a complaint for declaratory judgment seeking a declaration that his claim for negligent infliction of emotional distress triggered a second "per person" limit, entitling him to seek another $100,000. The parties each filed motions for summary judgment. The judge denied the plaintiff's motion and allowed the defendant's motion, declaring that the plaintiff's claims are subject to a single "per person" limit of $100,000. The plaintiff appealed.

---

[1]The defendant accepts the plaintiff's assertion that these physical conditions were causally related to the emotional distress he suffered as a result of the accident.

[2]The policy defines the word "we" as "the company issuing th[e] policy," namely, the defendant.

We granted the defendant's application for direct appellate review. We affirm.[3]

"Summary judgment is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974)." *Massachusetts Bay Transp. Auth.* v. *Allianz Ins. Co.*, 413 Mass. 473, 476 (1992). See *Garweth Corp.* v. *Boston Edison Co.*, 415 Mass. 303, 304 (1993). "Here, there are no material facts in dispute. The only dispute is about the proper interpretation of the relevant insurance polic[y], and therefore raises only a question of law." *Massachusetts Bay Transp. Auth., supra* at 476. See *Jet Line Servs., Inc.* v. *American Employers Ins. Co.*, 404 Mass. 706, 710 n.5 (1989); *Jefferson Ins. Co.* v. *Holyoke*, 23 Mass. App. Ct. 472, 475 (1987).

"Because the language of the standard [personal automobile insurance] policy is prescribed by statute and controlled by the Division of Insurance rather than the individual insurer, the rule of construction resolving ambiguities in a policy against the insurer is inapplicable." *Bilodeau* v. *Lumbermens Mut. Casualty Co.*, 392 Mass. 537, 541 (1984), and cases cited. "Instead, we must ascertain 'the fair meaning of the language used, as applied to the subject matter.'" *Id.*, quoting *Save-Mor Supermarkets, Inc.* v. *Skelly Detective Serv., Inc.*, 359 Mass. 221, 226 (1971).

The "per person" limit limits to $100,000 the policy's coverage for "injuries to one or more persons as a result of bodily injury to any one person in any one accident." "This language is clear and unambiguous." *Santos* v. *Lumbermens Mut. Casualty Co.*, 408 Mass. 70, 79 (1990). It applies the "per person" limit to injuries to more than one person where the injuries result from bodily injuries to the same person in the same accident. See *id.*

---

[3]The only issue on appeal is whether both claims are subject to the same "per person" limit. It is not disputed that the plaintiff's emotional distress claim is covered by the policy and that this claim is independent of the wrongful death claim.

The wrongful death claim sought recovery for an injury (i.e., the plaintiff's daughter's death) resulting from bodily injury to the plaintiff's daughter in the accident. While the emotional distress claim seeks recovery for a different injury (i.e., the plaintiff's emotional distress), this injury also was the result of the daughter's bodily injury in the accident. It is his daughter's injuries, and her resulting death which caused the plaintiff the emotional distress for which he seeks relief. As the motion judge noted, the plaintiff's emotional distress claim "is a by-product of and entirely dependent upon the bodily injury to his daughter." The claims thus are subject to the same "per person" limit.

The plaintiff's physical ailments do not warrant a separate "per person" limit. While they may constitute "bodily injury," they are the result of the plaintiff's emotional distress, not its cause. The plaintiff's argument that his emotional distress was a bodily injury received in the accident is flawed because emotional distress is not a bodily injury. *Allstate Ins. Co.* v. *Diamant,* 401 Mass. 654, 656 (1988) (" 'Bodily injury' . . . encompasses only physical injuries to the body and the consequences thereof"). See *Sullivan* v. *Boston Gas Co.,* 414 Mass. 129, 138 n.9 (1993), citing *Allstate Ins. Co.* v. *Diamant, supra* ("We have . . . construed the words 'bodily injury' in an insurance policy to exclude the coverage of mental pain . . .").[4]

The plaintiff argues that, because the emotional distress claim is independent of the wrongful death claim and seeks recovery for injuries to a different person than the wrongful death claim, it should not be subject to the same "per person" limit as the wrongful death claim. The policy limits coverage for all claims resulting from bodily injury to one per-

---

[4]The fact that an essential element of a claim for negligent infliction of emotional distress is "physical harm manifested by objective symptomatology," *Payton* v. *Abbott Labs,* 386 Mass. 540, 557 (1982), does not make such emotional distress a bodily injury. This requirement exists for evidentiary purposes and is not related to the classification of injuries as bodily injuries for insurance purposes. See *Sullivan* v. *Boston Gas Co.,* 414 Mass. 129, 138 n.9 (1993).

son in one accident. Here, all claims result from the plaintiff's daughter's injury in the single accident, and thus they are subject to the $100,000 "per person" limit.

Our decision is bolstered by the fact that the policy language at issue was created to prevent the type of interpretation urged by the plaintiff. In *Bilodeau, supra* at 538, 543, we held that under the then standard automobile insurance policy, a claim for loss of consortium was entitled to a separate "per person" limit from the underlying claim for bodily injuries in the accident. The "per person" limit limited the amount paid "for injuries to any one person as a result of any one accident." *Id.* at 540. To eliminate the effect of this decision, the commissioner changed the "per person" limit in the standard policy to the language at issue in the present case. *Santos, supra* at 79. In *Santos,* we held that, under this new language, consortium-like claims are subject to the same "per person" limits as the bodily injury claims, as they result from the same bodily injury in the accident. *Id.*

*Judgment affirmed.*