Toomey, J.
INTRODUCTION
■This matter is before the court on the cross motions of the parties for summary judgment. Plaintiff Northeast Battery and Alternator Co., Inc. (“Northeast”) seeks a declaration of the rights of the parties under two liability insurance policies issued by Seaco. The cross motions seek the Court’s interpretation of the two policies with respect to their imposition upon Seaco of a duty to indemnify and defend Northeast in its separate litigation with its former employee, Peggy Ann Lawless (“Lawless”).
BACKGROUND
Lawless filed, in the Massachusetts Commission Against Discrimination, a claim against Northeast alleging sexual harassment, disparate treatment as to certain benefits and wrongful termination. The MCAD found in Lawless’ favor on her sexual harassment and wrongful termination claims and awarded Lawless $137,517.74[1] exclusive of statutory attorneys fees and interest. Following the MCAD’s decision in favor of Lawless, Northeast sought indemnity and defense from Seaco under the policies. Seaco denied Northeast’s claim, and this action ensued
At the time of the MCAD complaint, Seaco insured Northeast under two liability policies. Thomas Scarduzzio (“Scarduzzio”), the President and CEO of Northeast, purchased the two policies from Seaco in 1992/1993. Seaco insured Northeast pursuant to a standard businessowners’ policy (“business policy”)[2] and insured Northeast’s golf car division, Northeast Golf Car, Inc. (“Northeast Golf’), under a commercial general liability policy (“liability policy”).[3]
Both policies obligated Seaco to “pay those sums that [Northeast] becomes legally obligated to pay as damages because of ‘bodily injury,’ ‘property damage’, ‘personal injury’ or ‘advertising injury’ to which this insurance applies . . . and to defend any ‘suit’ seeking those damages.”
The policies defined “bodily injury” as “bodily injury, sickness or disease sustained by a person including death resulting from any of these at any time.” Both the business and liability policies excluded coverage for “bodily injury” to “an employee of the insured arising out of and in the course of employment by the insured.” The liability policy, however, also contained an “Employment Related Practices Exclusion,” which further excluded coverage for bodily injury arising from, inter alia, “(i) refusal to employ; (ii) termination of employment; (iii). . . harassment, humiliation, discrimination or other employment-related practices, *580 policies, acts or omissions or ’’consequential ‘bodily injury’ as a result of (i) through (iii) above." Thus, the liability policy specifically excluded, from bodily injury coverage, damages arising from “consequential bodily injuries" arising out of “harassment, discrimination and humiliation.” Because the business policy contained no such exclusion, Northeast argues that the business policy obligates Seaco to indemnity Northeast for the fees and costs incurred in defending Lawless’ harassment/workplace discrimination claim. Seaco responds that the exclusion in the liability policy may be interpreted separately to the end that, at bar, Seaco is insulated from any obligation to indemnity or defend Northeast under the business policy.
DISCUSSION
Summary judgment is granted where there are no issues of genuine material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no triable issue of fact. Pedersen v. Time, Inc., 404 Mass. 14, 17 (1989). At bar, the parties agree that there are no material facts in dispute and have requested that this court resolve the underlying contract claim as a matter of law. See USM Corp. v. Arthur D. Little Sys., Inc., 28 Mass.App.Ct. 108, 116 (1989) (where material facts are not in dispute, interpretation of contract is question of law for the court).
Where the wording of a contract is unambiguous, the agreement must be enforced according to its terms. See In re Biotech Corp., 186 F.3d 1356 (D.Mass. 1999). A mere claim of ambiguity will not avail the party opposing summary judgment “if the documents do not reflect ambiguity on the point in question, and the party resisting summary judgment adduces no evidence of ambiguity.” US Trust v. Henley & Warren Mgt., Inc., 40 Mass.App.Ct. 337, 343 (1996). Thus, where the language of a contract is clear and unambiguous, summary judgment is an appropriate vehicle for judicial determination of the complaint because the court may interpret the meaning of the contract as a matter of law without resort to extrinsic evidence or determinations of fact. See ER Holdings, Inc. v. Norton Co., 735 F.Sup. 1094, 1097 (D.Mass. 1990). On the other hand, where the contract language is indeed ambiguous, a fact finder must resolve the ambiguity by considering the factual evidence offered by the parties to support their differing interpretations. See Commercial Union Ins. Co. v. Boston Edison Co., 412 Mass. 545, 557 (1992); see also Trafton v. Custeau, 338 Mass. 305, 307-08 (1959). At bar, there is no ambiguity, and we may proceed to interpret the policies.
A. The “Discrimination” Exclusion
The instant dispute centers on whether the liability policy, which excludes coverage for bodily injury arising from harassment and wrongful termination, reaches into the business policy, which contains no such exclusion, to block coverage under the latter. Seaco contends that, notwithstanding that the policies are discrete and issued to two separate corporate entities, the exclusion found in the liability policy operates also to preclude liability under the business policy. While such a dispute as to the interaction, vel non, of the policies, would ordinarily raise a question of ambiguity demanding resolution by a fact finder, the matter at bar is rescued from such a fate by a letter from Seaco resolving any apparent ambiguity as to the meanings of the two policies.
On June 4, 1993, Seaco responded to Northeast’s May 13, 1993 G.L.c. 93A demand letter and conceded that ”[b]oth [the business and liability] policies are considered concurrent, meaning both provide liability coverage for Northeast Battery for events occurring during their policy periods subject to the provisions and exclusions of each policy.” That concession by Seaco supports Northeast’s position that both policies provide liability coverage for Northeast and that the benefits and obligations provided by the policies are “subject to the provisions and exclusions of each policy.” The quoted concession suggests that the absence of a “discrimination exclusion” in the business policy obligates Seaco to provide coverage under that policy to Northeast for claims such as that brought by Lawless. Northeast will have a declaration to that effect.
B. The “Intentional Act” Exclusion
Seaco also argues that the harassment allegedly suffered by Lawless constituted “intentional acts,” which are excluded by the policies. There is ample evidence in the record that Lawless participated in the off-color comments and atmosphere which she later claimed constituted harassment towards her. There are, however, genuine issues of material fact as to whether the continuation of those acts by other employees were intentional acts of harassment and thus excludable from Seaco’s duty to indemnify Northeast. See Quincy Mutual Ins. Co. v. Abernathy, 393 Mass. 81, 84 (1984) (volitional act may not be intentional in the context of an insurance policy if the insured did not intend to cause the harm or was not substantially certain the harm would result).
C.The “Bodily Injury” Exclusion
Seaco also contends that any emotional distress suffered by Lawless does not constitute “bodily injury.” Ordinarily, Massachusetts law would, in the context of insurance, define “bodily injury” as an injury that “encompasses only physical injuries to the body and the consequences thereof.” Allstate Ins. Co. v. Diamant, 401 Mass. 654, 656 (1988). In her suit, however, Lawless contends that the injuries she suf *581 fered as the result of the harassment (loss of weight, depression, crying, loss of sleep, anxiety, the need to take medication) constituted “consequential bodily injury” as defined in the “employment-related practices” exclusion contained in the liability policy. That exclusion defines "consequential” bodily injury as injury arising from, inter alia, “harassment, humiliation, discrimination or other employment-related practices, policies, acts or omissions.” Northeast concurs that, because the practices enumerated in the exclusion require no bodily contact, the exclusion applies to any personal injury resulting from employment related practices and Seaco will have no obligations under the liability policy. Northeast contends, however, that the absence of the exclusion in the business policy requires the conclusion that that policy covers any injuries to Lawless resulting from the harassment. This court concludes that the dispute as to whether or not Lawless’ injuries comprised the sort of “bodily injury” contemplated by the exclusion in the business policy constitutes a genuine issue of material fact which may not be resolved on a motion for summary judgment.
CONCLUSION
Because Seaco’s June 4, 1993 letter confirms Northeast’s position that the business policy and liability policy are concurrent, Northeast is entitled to summary judgment on its claim that the business policy issued by Seaco affords coverage to Northeast. There remain, however, genuine issues of material fact as to whether the harassment was “intentional” and whether the injuries suffered by Lawless, as a consequence of the harassment, were “bodily injuries” as defined by the concurrent policies. The question of Seaco’s obligation to indemnify Northeast under the business policy cannot, therefore, be resolved via summary judgment.
ORDER
For the foregoing reasons, it is hereby ORDERED that a declaration enter to the effect that the business policy affords coverage to Northeast and that, if questions of fact as to whether the harassment was “intentional” and whether Lawless’ injuries were “bodily” are resolved in Northeast’s favor, Seaco Insurance Company must indemnify Northeast for Peggy Ann Lawton’s claims against Northeast for harassment and disparate treatment in the workplace.

 The amount included $50,932.00 in back pay, $11,585.74 in consequential damages (because Lawless was forced to sell her condominium at less than market value) and $75,000.00 for emotional distress.

 Pollcy # BOP 0006468.

 Policy #CPP 0006781.