# EDWARD POLOWITZER *v.* STACEY T. URIANO ET AL.
## (SC 16886)

Sullivan, C. J., and Borden, Katz, Vertefeuille and Zarella, Js.

Argued February 13—officially released May 20, 2003

*Kristen Schultze Greene*, with whom was *Michael Feldman*, for the appellant (plaintiff).

*Claudia A. Baio*, with whom was *Peter J. Casey*, for the appellee (defendant Patriot General Insurance Company).

*Opinion*

SULLIVAN, C. J. In accordance with Practice Book § 73-1[1] and General Statutes § 52-235,[2] the trial court

[1] Practice Book § 73-1 provides in relevant part: "(a) Any reservation shall be taken to the supreme court or to the appellate court from those cases in which an appeal could have been taken directly to the supreme court, or to the appellate court, respectively, had judgment been rendered. Reservations in cases where the proper court for the appeal cannot be determined prior to judgment shall be taken directly to the supreme court.

"(b) All questions presented for advice shall be specific and shall be phrased so as to require a Yes or No answer.

"(c) Before any question shall be reserved by any court, counsel shall file in that court a stipulation which shall clearly and fully state the question or questions upon which advice is desired; that their present determination by the appellate court having jurisdiction would be in the interest of simplicity, directness and economy in judicial action, the grounds for such allegation being particularly stated; that the answers to the questions will determine, or are reasonably certain to enter into the final determination of the case; and that the parties request that the questions be reserved for the advice of the appellate court having jurisdiction. The stipulation shall also designate the specific pleadings in the trial court case file which are necessary for the presentation of the question or questions sought to be reserved and shall state the undisputed facts which are essential for determination of the question or questions sought to be reserved. With the stipulation the parties shall file a joint docketing statement in the format specified in Section 63-4 (a) (4) for regular appeals. . . .

"(e) The court will not entertain a reservation for its advice upon questions of law arising in any action unless the question or questions presented are such as are, in the opinion of the court, reasonably certain to enter into the decision of the case, and it appears that their present determination would be in the interest of simplicity, directness and economy of judicial action. . . ."

[2] General Statutes § 52-235 provides: "(a) The Superior Court, or any judge of the court, with the consent of all parties of record, may reserve questions of law for the advice of the Supreme Court or Appellate Court in all cases

granted the joint interlocutory motion of the plaintiff, Edward Polowitzer, and the defendant Patriot General Insurance Company[3] for reservation of a question of law to the Appellate Court. We subsequently transferred the reserved question to this court pursuant to Practice Book § 65-1 and General Statutes § 51-199 (c). The issue framed by the parties and reserved by the trial court for advice is: "Where Patriot General Insurance Company has paid the 'each person' Underinsured Motorist Coverage limit applicable for bodily injury to the estate of Nancy Polowitzer and the insurance policy provides that the maximum amount the insurer must pay 'for all claims by all persons for damages for bodily injury to any one person is the "each person" Uninsured Motorist Coverage limit,' is Edward Polowitzer entitled to compensation for bystander emotional distress arising from witnessing the bodily injury to and death of his wife Nancy Polowitzer under the separate 'each person' Underinsured Motorist Coverage limit available to Edward Polowitzer?" We answer the reserved question in the affirmative.

The parties have stipulated to the following facts. "On September 18, 1999, the plaintiff . . . was operating his motor vehicle on Oakland Avenue in South Windsor . . . when a collision occurred between his vehicle and the underinsured motor vehicle operated by the co-defendant [Stacey T.] Uriano. . . . The negligence of . . . Uriano, the operator of the underinsured motor vehicle, was a substantial factor in causing the accident.

in which an appeal could lawfully have been taken to said court had judgment been rendered therein.

"(b) The court or judge making the reservation shall, in the judgment, decree or decision made or rendered in such cases, conform to the advice of the Supreme Court or the Appellate Court."

[3] The plaintiff's claim against the defendant Travelers Property Casualty Corporation has been withdrawn, and the named defendant, Stacey T. Uriano, is not a party to this appeal. All subsequent references to the defendant are to Patriot General Insurance Company.

. . . At the time of the accident, Nancy Polowitzer, the wife of the plaintiff . . . was a passenger on the plaintiff's motorcycle being operated by [him]. . . . As a result of the accident, Nancy Polowitzer sustained fatal bodily injuries which resulted in her death. . . . As a result of the accident, the plaintiff . . . sustained bodily injuries himself and associated loss of consciousness, emotional distress and loss of consortium. The plaintiff . . . sustained bystander emotional distress as a result of witnessing the fatal injuries and death of his wife Nancy Polowitzer, with symptoms including headaches, stomach aches, sleeplessness and treatment with tranquilizers. . . .

"At the time of the accident the plaintiff . . . was insured under a policy of motorcycle insurance issued by the defendant . . . which policy was in effect at the time of loss. . . . The policy provides [u]ninsured/[u]nderinsured [m]otorist [c]onversion [c]overage [l]imits of $100,000 'each person' and $300,000 'each accident.' 'Bodily injury' under the policy includes emotional distress. . . .

"The policy further provides, by [u]ninsured/[u]nderinsured [m]otorist [c]overage—[Connecticut] [m]otorcycle endorsement [sic], the following language regarding [l]imits of [u]nderinsured [m]otorist [i]nsurance: 'The maximum amount we'll pay for any one motorcycle accident for all claims by all persons for damages for bodily injury to any one person is the "each person" [u]nderinsured [m]otorist [c]overage limit shown in the declarations. Subject to the limit for "each person" the maximum amount we'll pay in damages for bodily injury to two or more persons is the "each accident" [u]ninsured [m]otorist [c]overage limit shown in the declarations.' . . . The defendant . . . has paid the $100,000 'each person' [u]ninsured [m]otorist [c]overage limit to the estate of Nancy Polowitzer in compensation for her claim. . . . The plaintiff . . . and the

defendant . . . have agreed to a value of the bodily injury to the plaintiff . . . in an amount less than the $100,000 each person limit. . . .

"The plaintiff . . . contends that damages for his bystander emotional distress claim are recoverable through the $100,000 'each person' [u]ninsured [m]otorist [c]overage limit applicable to his claim for bodily injury and that the exhaustion of the $100,000 'each person' [u]ninsured [m]otorist [c]overage limit by payment to Nancy Polowitzer, and the prior settlement with the estate of Nancy Polowitzer do not bar recovery by the plaintiff . . . for his claims of bystander emotional distress as part of the [u]ninsured [m]otorist [c]overage limit available to him. . . . The defendant . . . contends that damages for the plaintiff['s] . . . bystander emotional distress are not recoverable under the $100,000 'each person' [u]ninsured [m]otorist [c]overage limit applicable to his bodily injury and that the exhaustion of the $100,000 'each person' [u]ninsured [m]otorist [c]overage limit by payment to the estate of Nancy Polowitzer, and the prior settlement with the estate of Nancy Polowitzer bar further recovery and compensation for his bystander emotional distress claim."

In support of its position that, under this policy, the plaintiff may not recover damages for bystander emotional distress under the separate "each person" limit available to him, the defendant asserts that, by definition, a claim for bystander emotional distress is derivative of the third party injury that caused the distress. See *Clohessy* v. *Bachelor*, 237 Conn. 31, 49, 675 A.2d 852 (1996) ("a plaintiff should be allowed to recover, within certain limitations, for emotional distress *as a result of harm done to a third party*" [emphasis added]). Thus, the defendant asserts, the plaintiff's claim for bystander emotional distress derives from the injuries to his wife and not from injuries to himself.

The defendant notes that we previously have held that a claim for loss of consortium is derivative of the injury to the spouse who no longer can perform spousal functions, and therefore falls under the individual limit applicable to that spouse. *Izzo* v. *Colonial Penn Ins. Co.*, 203 Conn. 305, 312, 524 A.2d 641 (1987). The defendant urges that we apply the same reasoning to the plaintiff's bystander emotional distress claim in the present case.

We do not reach the issue of whether the plaintiff's bystander emotional distress claim is derivative, however, because we conclude that, under the terms of the policy at issue in accordance with the stipulation, the plaintiff may recover damages for bystander emotional distress under the separate "each person" underinsured motorist coverage limit available to him without regard to whether that harm is derivative. The policy states that "[t]his insurance covers bodily injury, including loss of services, sickness, disease or death which results from the injury, caused by a *motor vehicle accident* and suffered by *you*." (Emphasis in original.) The policy does not refer directly to "emotional distress," nor does it further define "bodily injury." As previously noted, however, the parties have stipulated that "bodily injury" under the policy includes emotional distress.[4]

---

[4] We emphasize that we do not decide today whether the language used in this policy would support the conclusion we reach in the present case in the absence of this stipulation. We note, however, that the cases relied on by the defendant in support of its interpretation of the policy concluded that the bystander was not entitled to a separate "per person" limit because emotional distress is not a bodily injury. See *Allstate Ins. Co.* v. *Clohessy*, 32 F. Sup. 2d 1333, 1336 (M.D. Fla. 1998) (noting that "[e]ach of the courts holding that bystander emotional distress damages are subject to the per-person limit of liability did so based on a determination that emotional distress is not a bodily injury" and concluding that, under Florida law, emotional distress does not constitute bodily injury); *McNeill* v. *Metropolitan Property & Liability Ins. Co.*, 420 Mass. 587, 590, 650 N.E.2d 793 (1995) (because plaintiff's emotional distress is not bodily injury, it does not warrant separate "per person" limit); cf. *Moore* v. *Continental Casualty Co.*, 252 Conn. 405, 411–12, 746 A.2d 1252 (2000) ("bodily injury" in liability policy does not include emotional distress unaccompanied by physical harm).

It is evident that bystander emotional distress is a form of emotional distress. See *Clohessy* v. *Bachelor*, supra, 237 Conn. 54 (recovery in tort for bystander emotional distress requires that plaintiff has sustained "serious emotional injury"). Because neither the policy nor the stipulation indicates that the emotional distress covered by the policy excludes bystander emotional distress, it follows that, under this policy, "bodily injury" includes bystander emotional distress.

In claiming damages for bystander emotional distress, the plaintiff is seeking recovery for his *own* emotional distress, although that distress resulted from witnessing physical injuries to his wife. Because the parties have stipulated that emotional distress is a "bodily injury" as that term is used in this policy, it follows that the plaintiff's bystander emotional distress constitutes a "bodily injury" to him under the policy. Therefore, he may recover damages for that injury under the separate "each person" underinsured motorist coverage limit available to him.

The reserved question is answered "yes."

No costs will be taxed in this court to any party.

In this opinion the other justices concurred.