Karen WIEPRZKOWSKI,
Plaintiff–Appellant,

v.

STATE FARM MUTUAL AUTO
INSURANCE COMPANY,
Defendant–Appellee.

No. 98CA0144.

Colorado Court of Appeals,
Div. V.

March 18, 1999.

Breit, Bosch, Levin & Coppola, P.C., Edward W. Holub, Denver, Colorado, for Plaintiff–Appellant

Patterson & Nuss, P.C., Franklin D. Patterson, Paige E. Taylor, Englewood, Colorado, for Defendant–Appellee

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1998.

Opinion by Judge BRIGGS.

In this declaratory judgment action, plaintiff, Karen Wieprzkowski, appeals the summary judgment entered against her by the trial court, based on its finding that she was not an insured under a policy issued to her parents by defendant, State Farm Mutual Automobile Insurance Company (insurer). We affirm.

The case was submitted to the trial court on stipulated facts. Plaintiff, an emancipated adult, and her parents were on a bus that was involved in an accident with another vehicle. Plaintiff's mother was killed in the accident, and her body came to rest upon plaintiff. It took rescue crews approximately two hours to extricate plaintiff from the bus.

Plaintiff sustained various physical injuries in the accident. In addition, she allegedly suffered severe emotional distress, in part from witnessing the death of her mother.

Plaintiff recovered a proportionate share of the liability insurance benefits available from the other driver's insurance company. She then sought additional underinsured motorist (UIM) benefits under her parents' automobile insurance policy. The insurer refused payment.

Plaintiff brought this action seeking declaratory relief and moved for summary judgment. She asserted that, at least for purposes of her claim for emotional distress resulting from witnessing her mother's death, she was covered under a provision in her parents' policy defining an "insured" to include "any person entitled to recover damages because of bodily injury to an insured." She argued that she was in the zone of danger and that, as a result, she was an insured because she was entitled to recover damages (for emotional suffering) because of bodily injury to an insured (her mother).

The insurer filed a cross-motion for summary judgment. It argued that plaintiff was seeking compensation for her own injuries incurred in the accident. As a result, plaintiff was not covered under her parents' policy because the provision she relied upon applied only to persons with "substitute" or "derivative" claims, such as wrongful death or loss of consortium.

The trial court agreed with the insurer and therefore granted its motion for summary judgment. This appeal followed.

Plaintiff contends the trial court erred in determining that she was not an insured under the policy. We are not persuaded.

As pertinent here, the policy provided:

We will pay damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *uninsured [or underinsured] motor vehicle.* The *bodily injury* must ·be sustained by an *insured* and caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle. (emphasis in original)

The policy defined "insured" for purposes of UIM coverage as follows:

1. the first person named in the declarations;

2. his or her spouse;

3. their relatives [living with them]; and

4. any other person while occupying:

 a. your car ...

 . . . .

5. any person entitled to recover damages because of bodily injury to an insured under 1 through 4 above.

 Insurance policies are to be construed according to the general rules for construction of contracts. *Marez v. Dairyland Insurance Co.,* 638 P.2d 286 (Colo.1981). When the language of an insurance contract is clear and unambiguous on its face, it must be upheld as written. Courts may neither rewrite an unambiguous policy nor force a strained construction in order to resolve it against the insurer. *Chacon v. American Family Mutual Insurance Co.,* 788 P.2d 748 (Colo.1990).

The question presented is not whether plaintiff suffered bodily injuries and is entitled to seek recovery for those injuries from the other driver. Nor is the question presented whether plaintiff may be entitled to recover additional UIM benefits under any automobile policy in which she is a named insured or a family member residing with a named insured.

Instead, the narrower issue presented here is whether plaintiff is entitled to yet another source of recovery from her *parents'* automobile insurer, even though she was admittedly *not* a named insured and did not fall within the first four categories of defined insureds. We conclude she is not.

 Under the type of provision set forth as the fifth category of defined insureds, a person who is not otherwise an insured can recover UIM benefits for damages the person has incurred "because of" bodily injury to a previously defined insured. The problem with plaintiff's argument is that such a person *cannot* recover UIM benefits because of injuries that person directly incurred in an accident.

In other words, UIM benefits are available, not for damages that flow from a negligent act directly and immediately to a person not otherwise an insured, but rather for those damages that are the consequences or results of the injuries the insured sustained. This includes claims for damages such as those resulting from payment by a parent of a child's medical expenses, wrongful death, and loss of consortium. *See generally* 1 A. Widiss, *Uninsured and Underinsured Motorist Coverage* §§ 6.1–6.3 (2d ed. 1992 & Supp.)(describing the "consequential" damages that may be recovered, such as loss of consortium); *cf. Spaur v. Allstate Insurance Co.*, 942 P.2d 1261 (Colo.App.1996); *Sparks v. American Fire & Indemnity Co.*, 769 P.2d 501 (Colo.App.1989). Such a provision thus provides UIM benefits to a person for a particular type of damages that is ordinarily outside the scope of available UIM benefits under that person's own automobile insurance policy. *See generally* 1 A. Widiss, *supra*, § 6.1.

In contrast, as the trial court determined, plaintiff seeks damages, not "because of," or as a consequence of, her mother's actual injuries, but because of her *own direct* injuries. *See Auto Club Insurance Ass'n v. Hardiman*, 228 Mich.App. 470, 579 N.W.2d 115 (1998)(claim of bystander for emotional distress from witnessing brother's injuries is a direct claim, not a derivative one dependent upon any recovery by the brother). Therefore, regardless whether she may recover from the other driver for injuries she sustained in witnessing her mother's death, plaintiff is not entitled to UIM benefits for those injuries under her *parents'* insurance policy. *See generally* A. Widiss, *supra*, § 12.4 (under this type of provision, UIM benefits not available to a person not otherwise defined as an insured for damages sustained *in* an accident).

Judgment affirmed.

Judge DAVIDSON and Judge VOGT concur.