**Cora HEBERT, Appellant,**

**v.**

**HONEST BINGO, Fairbanks Drama Association, John Doe I, John Doe II, and John Doe III, Appellees.**

No. S–9028.

Supreme Court of Alaska.

Feb. 23, 2001.

---

44

Arthur Lyle Robson, Fairbanks, for Appellant.

John J. Tiemessen, Clapp, Peterson & Stowers, Fairbanks, for Appellee Fairbanks Drama Association.

Before MATTHEWS, Chief Justice, EASTAUGH, FABE, BRYNER, and CARPENETI, Justices.

*OPINION*

CARPENETI, Justice.

## I. *INTRODUCTION*

Cora Hebert appeals the superior court's grant of defendant Fairbanks Drama Association's Civil Rule 12(c) motion for judgment on the pleadings. Hebert argues that the superior court should not have granted the motion on statute of limitations grounds because her amended complaint bringing Fairbanks Drama Association (FDA) into her personal injury lawsuit relates back to a timely initial complaint.

In this case of first impression, we hold that Hebert's pleadings did raise a triable issue of fact as to whether the requirements for relation back in Civil Rule 15(c) are satisfied. We therefore reverse and remand.

## II. *FACTS AND PROCEEDINGS*

On November 29, 1993, Cora Hebert was struck on the head by a falling bingo box[1] at a Fairbanks bingo hall operated by Honest Bingo.[2] Hebert suffered a number of injuries, including damage to her neck and head, as well as resulting problems such as headaches, dizziness, and lack of coordination.

On November 28, 1995, one day before the applicable statute of limitations ran out,[3] Hebert filed suit against Honest Bingo (the entity that operated the bingo game), and the Monroe Foundation (a permittee under whose permit the game was conducted). In addition, because Hebert did not know the exact structure of the bingo operation, her complaint also named four "John Doe" defendants: (1) the owner of the building where the bingo game took place; (2) the lessee of the building; (3) any additional operators of the bingo game; and (4) any additional permittees of the bingo game.

Honest Bingo was timely served on December 12, 1995.[4] Hebert also served a summons and complaint on the Monroe Foundation. Two days later, settlement negotiations began between Hebert and Honest Bingo's insurer, Catholic Mutual Group.

After learning that the Boosters of Immaculate Conception (Immaculate Conception) was another permittee of the bingo game, Hebert filed an amended complaint bringing it into the lawsuit on August 2, 1996. Hebert later learned that FDA was another permittee of the bingo game.

---

**1.** According to Hebert's counsel, a bingo box is a "box containing multitudinous pigeon holes" in which bingo cards are stored. At the time of Hebert's injury, the bingo box was partially filled with bingo cards.

**2.** Honest Bingo is a business entity consisting of three members: (1) the Monroe Foundation, Inc.; (2) the Boosters of Immaculate Conception; and (3) the Fairbanks Drama Association. The exact nature of the relationship between these three organizations is unclear from the record.

**3.** The statute of limitations on Hebert's personal injury claim is two years. *See* AS 09.10.070(a).

**4.** Although defendant was served with process after the statute of limitations expired, service was made within 120 days of filing, as permitted under Civil Rule 4(j).

On October 31, 1996, Hebert sent a letter to FDA that noted FDA's involvement in the bingo operation and advised the organization to participate in the ongoing settlement negotiations between Hebert, the Monroe Foundation, and Immaculate Conception.[5]

On October 15, 1997, Hebert received a letter from Catholic Mutual Group representative Cecil Cole, the Monroe Foundation and Immaculate Conception's representative in the settlement negotiations, which stated that FDA was unwilling to participate in the settlement negotiations at all.[6]

With leave of the superior court, Hebert filed a second amended complaint naming FDA as a defendant on February 20, 1998. FDA answered on March 4, 1998, admitting that FDA was a permittee of the bingo game at which Hebert was injured, but raising, among other things, the affirmative defense of statute of limitations. In June 1998 FDA filed a Civil Rule 12(c) motion for judgment on the pleadings, contending that Hebert's second amended complaint was barred by the statute of limitations. Hebert filed an opposition to this motion, arguing that her complaint was timely because it related back to the timely initial complaint filed against Honest Bingo in which FDA was named as a John Doe defendant.

The superior court granted FDA's motion without comment. Hebert moved to reconsider but this motion was denied.

Final judgment was entered in favor of FDA on July 22, 1998. FDA was also award-ed $42.72 in costs and $523.20 in attorney's fees.

Hebert appeals.

### III. STANDARD OF REVIEW

We review *de novo* a Civil Rule 12(c) motion for judgment on the pleadings.[7]

### IV. DISCUSSION

Alaska Civil Rule 12(c) allows any party in an action to move for judgment on the pleadings after the pleadings are closed.[8] The purpose of a Rule 12(c) motion is to "provide ,a means of disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court will take judicial notice."[9] Accordingly, a Rule 12(c) motion "only has utility when all material allegations of fact are admitted in the pleadings and only questions of law remain."[10]

We have stated that the standard for a Rule 12(c) motion is identical to that of a Rule 56 motion for summary judgment: The motion can be granted only if there exists no triable issue of fact[11] and the moving party is entitled to judgment as a matter of law.[12] But we have never had occasion to apply this rule in the context of a statute of limitations defense. We do so now.

When a court considers a motion for judgment on the pleadings, it must "view the facts presented in the pleadings and the in-

---

5. This letter stated that Honest Bingo's insurance company representative, Cecil Cole, had attempted to contact FDA previously, but that FDA had failed to respond to his communications.

6. In February 1998 Hebert entered into a settlement agreement with the Monroe Foundation and Immaculate Conception and filed a notice with the court acknowledging their dismissal from the pending lawsuit.

7. See *Noey v. Bledsoe*, 978 P.2d 1264, 1271 n. 19 (Alaska 1999).

8. See Alaska R.Civ.P. 12(c).

9. 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure 2d* § 1367, at 509–

10 (1990) (footnotes omitted) [hereinafter Wright & Miller].

10. *Id.*

11. A triable issue of fact that will preclude a Rule 12(c) motion "may be framed by an express conflict on a particular point between the parties' respective pleadings" or also "may result from [the] defendant pleading new matter and affirmative defenses in [the] answer." 5A Wright & Miller, *supra*, § 1368, at 529, (footnotes omitted).

12. See *Jennings v. State*, 566 P.2d 1304, 1310 n. 23 (Alaska 1977).

ferences to be drawn therefrom in the light most favorable to the nonmoving party."[13]

When a plaintiff files a Rule 12(c) motion, a judgment on the pleadings will be awarded only if the answer raises no issues of material fact that, if proven, would bar recovery.[14] The standard is slightly different when a Rule 12(c) motion is filed by a defendant: A defendant prevails only if there are no allegations in the plaintiff's pleading that, if proven, would permit recovery.[15]

A Rule 12(c) motion based solely upon an affirmative defense poses a special situation because a plaintiff is not permitted to reply to affirmative defenses or new material contained in the defendant's answer absent a court order to the contrary.[16] Accordingly, judgment on the pleadings is inappropriate if the defendant seeks relief based upon any factual matters raised in the answer to which the plaintiff has not had an opportunity to respond: "Thus, when material issues of fact are raised by the answer and defendant seeks judgment on the pleadings on the basis of this matter, his motion cannot be granted."[17]

However, judgment on the pleadings is appropriate where the defendant raises an affirmative defense that is supported by the undisputed facts.[18] For example, when the statute of limitations is alleged as a bar to the plaintiff's claims, a Rule 12(c) motion may be an appropriate avenue for relief if the statute of limitations defense is apparent on the face of the complaint and no question of fact exists.[19] Conversely, where the affirmative defense is based on disputed facts, judgment on the pleadings is inappropriate.[20] Thus, where a defendant on a motion for judgment on the pleadings asserts a statute of limitations defense and the opposition to the motion raises questions regarding the applicability of the relation back doctrine, unless the applicability or non-applicability of relation back is clear on the face of the pleadings, judgment on the pleadings would not be appropriate because of the necessity of looking outside the pleadings to resolve the issue.[21]

In the present case, FDA filed a motion for judgment on the pleadings based on its statute of limitations affirmative defense. Therefore, in order to prevail, FDA must demonstrate that its statute of limitations defense is obvious from the face of the pleadings filed and that there are no allegations in any of Hebert's pleadings[22] raising a triable issue of fact that, if resolved in her favor, would permit her to recover. FDA has not satisfied this burden.

While it is true that Hebert's second amended complaint was filed over two years after the applicable statute of limitations expired,[23] our inquiry does not end there. When an amended complaint is filed after the

13. 5A Wright & Miller § 1368 (supp.2000).

14. *See id.* at 527 (footnotes omitted).

15. *See id.* at 527–28.

16. Alaska R.Civ.P. 7(a) contains this limitation on a plaintiff's right to reply to defendant's affirmative defense:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if leave is given under Rule 14 to summon a person who was not an original party; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

> Furthermore, Civil Rule 8(d) states that allegations in a pleading to which no responsive pleading is required are deemed by the court to be

either denied or avoided. *See* Alaska R. Civ. P. 8(d).

17. 5A Wright & Miller § 1368, at 529.

18. *See id.* at 530.

19. *See id.*

20. *See id.*

21. *See id.*

22. Hebert had not filed any pleading in response to the affirmative defense. Civil Rule 7(a) does not normally allow a responsive pleading. *See* n. 16 *supra.*

23. Hebert was injured on November 29, 1993. Her second amended complaint was filed on February 20, 1998, well after the two-year statute of limitations expired on November 29, 1995. *See* AS 09.10.070(a).

statute of limitations has run, it is allowable if it "relates back" to the date of a timely original pleading.[24]

Civil Rule 15(c) sets out the circumstances under which an amended pleading will relate back to the original pleading:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.[25]

According to this standard, Hebert's second amended complaint will relate back to her timely November 1995 complaint against Honest Bingo if (1) the claim asserted against FDA arises out of the same transaction or occurrence set forth in the initial complaint; (2) FDA received sufficient notice such that it would not be prejudiced in maintaining its defense on the merits; (3) FDA knew or should have known that it would have been included as a party in the original complaint but for a mistake concerning its identity; and (4) FDA received notice and knew or should have known that, but for a mistake concerning its identity, it would have been included as a party within "the period provided by law for commencing the action against" it.[26]

Given the fact-intensive nature of the Rule 15(c) "relation back" test, FDA can prevail on its Rule 12(c) motion only if the undisputed facts on the face of the pleadings clearly show that Hebert's second amended complaint cannot possibly relate back to her earlier timely complaint against Honest Bingo. But the relation back issue presents the following disputed fact questions, which prevent resolution on a motion for judgment on the pleadings: whether FDA received sufficient notice of Hebert's lawsuit within the limitations period and whether FDA knew or should have known that, but for a· mistake concerning identity, it would have been included as a party within the applicable period.[27]

It is not clear from the pleadings whether FDA did or did not receive sufficient notice of Hebert's claim within the limitations period. Hebert's complaint asserted that the nature of the named business entities was unknown. It also included the permittee of the bingo game as a John Doe defendant. Hebert's amended complaint states that FDA "is one of the three permitees jointly operating Honest Bingo" and that FDA "was in fact receiving the benefits of the operation of the bingo game at the time and place in question." This statement alleges the existence of a close business relationship between Honest Bingo and FDA, or possibly a joint venture or partnership.[28] While admitting that

---

**24.** *See Siemion v. Rumfelt,* 825 P.2d 896, 898–99 (Alaska 1992).

**25.** Alaska R. Civ. P. 15(c).

**26.** *See generally West v. Buchanan,* 981 P.2d 1065, 1068–71 (Alaska 1999). Several federal courts have held that amendments in which a plaintiff replaces a "John Doe" defendant with a named defendant are considered amendments to add new parties and will relate back only when the conditions of Rule 15(c) are satisfied. *See* 6A Wright & Miller, *supra* § 1498, at 105–06; *see also Craig v. United States,* 413 F.2d 854 (9th Cir.1969).

**27.** The parties do not dispute that the first requirement—that the claim against FDA arise out of the same basic claim in the complaint against Honest Bingo—is satisfied.

**28.** Hebert may have available to her a second avenue for relief. If she can demonstrate that Honest Bingo was a partnership or a joint venture of which Monroe Foundation and FDA were partners or joint venturers, it may not be necessary for the second amended complaint to relate back to the original complaint since service of the timely original complaint on Honest Bingo or the Monroe Foundation may be found sufficient to constitute service on FDA. *See* Alaska R. Civ. P. 4(d)(5); *Coleman v. Lofgren,* 593 P.2d 632, 634 (Alaska 1979).

it is a permittee for bingo games, FDA denied the allegations of jointly operating Honest Bingo and of receipt of benefits of the operation. Viewing the facts in the light most favorable to Hebert, as we must for the purposes of the motion, it is clear that the existence of some type of close business relationship is alleged.

A fact question also exists as to whether FDA knew or should have known that but for a mistake in identity, it would have been named as a party within the applicable limitations period. As an organization under whose permit the Honest Bingo game was run, FDA may have had notice of the complaint filed against Honest Bingo and the Monroe Foundation and consequently may or should have known that it was one of the "John Does" referred to in the initial complaint against Honest Bingo. Similarly, without further evidence, we are unable to determine whether FDA either knew or should have known that it was intended as a party in the suit prior to March 27, 1996, the one hundred twentieth day after filing of the original complaint.[29]

The pleadings on their face cannot reveal whether Hebert's second amended complaint relates back to the initial timely complaint filed against Honest Bingo. And determining whether FDA meets the standard for relation back involves a triable issue of fact. We therefore cannot affirm the granting of FDA's Rule 12(c) motion.[30]

■ "The court either may consider a motion for judgment on the pleadings at a preliminary hearing as provided by Rule 12(d) or may postpone its determination until trial."[31] We conclude that where appropriate and when a motion for judgment on the pleadings is brought on the basis of the affirmative defense of statute of limitations,

the interests of justice are best served if the trial court considers the motion at a preliminary hearing instead of waiting until trial.

## V.  CONCLUSION

Because fact questions exist as to whether Hebert's second amended complaint bringing FDA into the lawsuit related back to her initial complaint against Honest Bingo, FDA was not entitled to judgment on the pleadings under Rule 12(c). We therefore REVERSE the decision of the superior court and REMAND for proceedings consistent with this opinion.

---

**29.** *See* Alaska R. Civ. P. 4(j) (allowing 120 days after filing for service of process). The record shows that by October 31, 1996, FDA had refused to participate in settlement negotiations, but the record is silent as to how long before that time FDA was aware of Hebert's claims.

**30.** A Civil Rule 12(c) motion can be converted into a Rule 56 motion for summary judgment when the trial judge considers materials outside the pleadings. *See* Alaska R. Civ. P. 12(c). However, here the superior court explicitly stated that

it did not consider matters outside the pleadings. Even if this court were to consider the additional materials contained in the record, it is still unclear whether FDA had notice of Hebert's lawsuit and knew or should have known that it would have been initially included as a defendant if Hebert had been aware of its identity.

**31.** 5A Wright & Miller § 1367, at 517. *See Pedersen v. Zielski*, 822 P.2d 903, 907 n. 4 (Alaska 1991).