ALLSTATE INSURANCE COMPANY
and Tina Watts, Appellants,

v.

Monica Foster TEEL, Appellee.

No. S–11039.

Supreme Court of Alaska.

Oct. 1, 2004.

Rehearing Denied Nov. 17, 2004.

Mark E. Wilkerson, Anchorage, for Appellants.

Ward M. Merdes, Fairbanks, and Lawrence F. Reger, Fairbanks, for Appellee.

Before: BRYNER, Chief Justice, MATTHEWS, EASTAUGH, FABE, and CARPENETI, Justices.

*OPINION*

CARPENETI, Justice.

## I. INTRODUCTION

An insurance policy defined "insured person" as someone legally entitled to recover damages for injury to the occupant of an insured vehicle. The parties dispute whether this provision covers an individual, Monica Foster Teel, who seeks to recover for her own emotional distress resulting from the death of her son, Cory Foster, an occupant of the insured vehicle. The superior court ruled that Teel was an insured person under the provision. Because we conclude that the policy language does not clearly exclude Teel from coverage, we affirm the decision of the superior court.

## II. FACTS AND PROCEEDINGS

On November 16, 1997 Cory Foster, Monica Foster Teel's eleven-year-old son, was seriously injured in an automobile accident. Cory was a passenger in a car driven by Keith O'Flanagan, who was intoxicated at the time of the accident. Cory was treated at the Fairbanks Memorial Hospital, during which time he was tended to by Teel until his death on November 23, 1997.

At the time of the crash, both Teel and O'Flanagan were insured by Allstate under separate automobile insurance policies. Teel filed a claim against O'Flanagan's liability policy for Cory's death, and in November 1998 she was paid the policy limit of $50,000, plus attorney's fees and interest. Teel next asserted a claim for the negligent infliction of emotional distress (NIED) under the Uninsured/Underinsured Motorist (UM/UIM)

provisions of her own Allstate policy. Allstate denied coverage and the claim went to arbitration. At arbitration Teel was awarded her UM/UIM policy limit of $100,000, plus attorney's fees and interest.

Teel then claimed coverage for NIED under the UM/UIM coverage in O'Flanagan's policy. Teel argued that she was entitled to UM/UIM benefits because she was an "insured" under O'Flanagan's policy. For the purpose of UM/UIM coverage, O'Flanagan's policy defines an "insured person" as:

1. [The named insured] and any resident relative.

2. Any person while in, on, getting into or out of [the insured's] auto with [the insured's] permission.

3. *Any other person who is legally entitled to recover because of bodily injury to [the insured], a resident relative, or an occupant of [the insured's] auto with [the insured's] permission.*

(Emphasis added.) Allstate denied Teel's claim.

Following the denial of her NIED claim against O'Flanagan's Allstate policy, Teel filed a civil complaint against Allstate and Tina Watts, an Allstate employee, in July 2002. First, Teel argued that she was a person legally entitled to recover UM/UIM benefits under O'Flanagan's Allstate policy for Cory's bodily injury. Second, Teel alleged that Watts and other Allstate personnel had acted fraudulently by failing to inform her that she was entitled to recover under both policies and by inducing her to accept only the limits of her own policy's UM/UIM benefits at arbitration. Allstate moved to dismiss Teel's claim under Alaska Civil Rule 12(b)(6). Allstate argued that Teel was not an insured person under the UM/UIM provisions of O'Flanagan's policy and that, even if she was, she would not be entitled to recover because all available UM/UIM coverage under O'Flanagan's policy had already been paid. Teel cross-moved for judgment on the pleadings, arguing that she qualified as an insured person under the policy and was entitled to coverage.

Superior Court Judge Mark I. Wood denied Allstate's motion to dismiss and granted

Teel's motion for judgment on the pleadings. Judge Wood held that under Alaska law the disputed policy language—defining an insured as "[a]ny other person who is legally entitled to recover because of bodily injury to . . . any occupant of your insured auto"—must be interpreted in accordance with the reasonable expectations of laypersons. Judge Wood held that because a reasonable layperson would have no reason to believe that the policy language would exclude Teel's NIED claim, Teel was an "insured" under the UM/UIM provisions in O'Flanagan's policy. Allstate's motion for reconsideration was denied and a final judgment on the issue of coverage was entered on April 11, 2003. Allstate appeals.

## III. STANDARD OF REVIEW

■ We review a grant of a motion for judgment on the pleadings *de novo*.[1] The interpretation of contractual language is a question of law, which we also review *de novo*.[2]

## IV. DISCUSSION

**Allstate's Policy Covers Teel's Direct Claim.**

■ Allstate correctly notes that NIED claims are direct, not derivative.[3] Allstate argues that Teel is not an insured person under O'Flanagan's UM/UIM coverage because her injuries are not derivative, and therefore not "because of" injuries suffered by Cory, an occupant of the vehicle. Allstate also argues that this court should follow cases from other jurisdictions construing

similar policy language to exclude claims for emotional distress.

■ We interpret insurance contracts by looking to (1) the language of the disputed provisions in the policy, (2) other provisions in the policy, (3) extrinsic evidence, and (4) case law interpreting similar provisions.[4] We construe grants of coverage broadly and interpret exclusions narrowly.[5] We use the doctrine of reasonable expectations when reviewing the terms of an insurance policy.[6] Under this doctrine, "[t]he objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts will be honored even though the painstaking study of the policy provisions would have negated those expectations."[7]

Allstate's UM/UIM policy provision provides that Allstate "will pay all damages that an insured person is legally entitled to recover from the owner or operator of an uninsured or underinsured auto because of . . . bodily injury sustained by an insured person." The policy defines an "insured person" as:

1. [The named insured] and any resident relative.

2. Any person while in, on, getting into or out of [the insured's] auto with [the insured's] permission.

3. *Any other person who is legally entitled to recover because of bodily injury to [the insured], a resident relative, or an occupant of [the insured's] auto with [the insured's] permission.*

(Emphasis added.)

■ Teel seeks to recover damages for O'Flanagan's negligent infliction of emotional

---

1. *Hebert v. Honest Bingo*, 18 P.3d 43, 46 (Alaska 2001).

2. *Cox v. Progressive Cas. Ins. Co.*, 869 P.2d 467, 468 n. 1 (Alaska 1994).

3. In *State Farm Mutual Automobile Insurance Co. v. Lawrence*, we characterized claims for emotional distress as direct rather than derivative injuries, in which a party can recover solely based upon another party's injuries. 26 P.3d 1074, 1079 (Alaska 2001). Claims of emotional distress are fundamentally different from derivative claims, such as loss of consortium. *Id.* We reasoned that "[u]nlike claims for loss of consortium, claims for emotional distress concern inju-

ries that the claimants have suffered directly, rather than derivative injuries that resulted from injury to another." *Id.*

4. *Bering Strait Sch. Dist. v. RLI Ins. Co.*, 873 P.2d 1292, 1295 (Alaska 1994).

5. *Id.*

6. *West v. Umialik Ins. Co.*, 8 P.3d 1135, 1138 (Alaska 2000).

7. *C.P. ex rel. M.L. v. Allstate Ins. Co.*, 996 P.2d 1216, 1222 (Alaska 2000) (quoting *Bering Strait*, 873 P.2d at 1295).

distress, which was caused when Teel observed Cory's injuries soon after the accident. A plaintiff must usually suffer physical injury in order to recover under a theory of NIED,[8] but may also recover under the "bystander exception" if she (1) was located near the scene of the accident, (2) had shock resulting from the sensory and contemporaneous observance of the accident, and (3) had a close relationship with the victim.[9] Teel seeks to recover under the bystander exception and admits that her NIED claim is direct rather than derivative.[10] Allstate argues that the policy language clearly covers only derivative claims brought by third parties, such as loss of consortium or reimbursement for funeral expenses, and that this court should read the policy language, "legally entitled to recover because of bodily injury to ... an occupant of [the insured's] auto," to completely exclude all non-derivative claims.

That Teel's claim is direct does not bar the claim. The wording of Allstate's policy does not exclude direct claims—it states that one would be entitled to recover so long as one's damages were "because of" bodily injury to an occupant of the insured vehicle. Webster's Dictionary defines the term "because of" to mean "by reason of" or "on account of."[11] Legal causation is a stricter standard, generally requiring that (1) "but for" the occurrence of the event the injury would not have occurred,[12] and (2) the event was a "significant and important" cause of the injury.[13] In light of both the common and legal definitions of causation, we cannot say that the policy language excludes an NIED claim.

If Teel can prove all of the elements of a bystander NIED claim, then her injuries were "because of" the bodily injury suffered by her son: The injuries suffered by an individual entitled to recover under the bystander exception to NIED claims, though not derivative, are the natural and probable consequence of contemporaneously witnessing the bodily injury suffered by someone with whom they have a close relationship.[14] We therefore conclude that a party who has met the burden of proving his or her NIED claim would satisfy the causal requirement between the accident and the injury that the Allstate policy requires.

Allstate relies heavily on a case decided by the Colorado court of appeals, *Wieprzkowski v. State Farm Mutual Auto Insurance Co.,*[15] and a case decided by the Delaware superior court, *Gill v. Nationwide Mutual Insurance Co.,*[16] where the policy provisions at issue were similar to the one at bar. In each case the court interpreted the policy language as excluding a non-insured individual's claim of emotional distress arising from an accident and as including only derivative claims, such as claims for funeral expenses or loss of consortium.

In *Wieprzkowski,* the plaintiff, Karen Wieprzkowski, was injured when a bus in which she was a passenger struck another vehicle.[17] Wieprzkowski's mother was killed in the accident and her body rested upon Wieprzkowski during the two hours that it took rescue crews to extricate Wieprzkowski from the bus.[18] Wieprzkowski sought to recover additional UIM benefits under her parents' automobile policy after recovering liability benefits under the policy held by another party to the accident.[19] The insurance policy at issue provided UIM coverage for

8. *Kallstrom v. U.S.,* 43 P.3d 162, 165 (Alaska 2002).

9. *Id.*

10. *See State Farm Mut. Auto. Ins. Co. v. Lawrence,* 26 P.3d 1074, 1079 (Alaska 2001).

11. WEBSTER'S II NEW RIVERSIDE UNIVERSITY DICTIONARY 161 (1988).

12. *Rhines v. State,* 30 P.3d 621, 625 (Alaska 2001).

13. *Id.*

14. *See, e.g., Estate of Gocha v. Shimon,* 215 Wis.2d 586, 573 N.W.2d 218, 221 (App.1997) (parents' emotional distress was "natural and probable consequence of" witnessing accident that killed son).

15. 976 P.2d 891 (Colo.App.1999).

16. 1994 WL 150902 (Del.Super.1994).

17. *Wieprzkowski,* 976 P.2d at 892.

18. *Id.*

19. *Id.*

"any person entitled to recover damages because of bodily injury to an insured."[20] Wieprzkowski argued that she was entitled to recover under the policy because she suffered emotional distress as the result of bodily injury to an insured (her mother).[21] The Colorado court of appeals rejected Wieprzkowski's claim, holding that Wieprzkowski's emotional distress was not the type of injury that is "because of" bodily injury to an insured, as the damages sought were for Wieprzkowski's own direct emotional injuries.[22] The court believed that the insurance policy covered only the consequential damages of an accident, such as medical payments made for the insured, wrongful death claims, and loss of consortium claims.[23]

In *Gill v. Nationwide Mutual Insurance Co.*, the policy language at issue covered "others for damages they may be legally entitled to recover because of bodily injury suffered by an insured."[24] The plaintiffs, who were not themselves considered insured individuals under the policy, sought to recover damages for emotional distress.[25] The Delaware superior court held that the plaintiffs were not entitled to recover for their emotional distress because their injuries were not derivative and the policy language provided compensation only for derivative injuries, such as wrongful death.[26]

We decline to follow those cases. First, Allstate's policy provision clearly covers an individual who is legally entitled to recover

because of bodily·injury to an occupant of the insured vehicle. Second, neither *Wieprzkowski* nor *Gill* considered the reasonable expectations of a layperson.[27] In contrast, we have held that, although we will not ignore or rewrite provisions in an insurance contract, even unambiguous language in an insurance contract will be interpreted to comport with the reasonable expectations of a layperson.[28]

■ Allstate also argues that the phrase "legally entitled" puts the reasonable layperson on notice that "whether one qualifies under this provision is governed by the law." Allstate contends that because our decision in *State Farm Mutual Insurance Co. v. Lawrence* characterizes NIED claims as direct rather than derivative,[29] Teel, as a reasonable layperson, should not have expected that her NIED claim would be covered. Allstate's argument is refuted by our case law holding that the reasonable layperson cannot and should not be expected to understand subtle legal distinctions when interpreting the terms of an insurance contract.[30] Laypersons are not expected to interpret a contract as a lawyer might, and we give effect to the reasonable expectations of a layperson, even if a " 'painstaking study of the policy provisions would have negated those expectations.' "[31] Allstate's interpretation would require Teel to be intimately familiar with the characterization of NIED claims, be aware of the interpretations of similar policy language made by other courts in other jurisdictions,

---

**20.** *Id.*

**21.** *Id.* at 892.

**22.** *Id.* at 893.

**23.** *Id.*

**24.** 1994 WL 150902, *3 (Del.Super.1994).

**25.** *Id.*

**26.** *Id.*

**27.** *Wieprzkowski*, 976 P.2d at 892 (interpreting policy language "according to the general rules for construction of contracts"); *Gill*, 1994 WL 150902, at ᴸ3 (giving effect to "plain and ordinary meaning" of contractual language). Colorado courts consider the reasonable expectations of the insured layperson only when the terms of the policy are ambiguous, *Farmers Ins. Exch. v. Chacon*, 939 P.2d 517, 522 (Colo.App.1997), and

otherwise rely upon traditional principles of contract interpretation. *Wieprzkowski*, 976 P.2d at 892. Delaware courts also consider the reasonable expectations of the insured layperson when the contractual language has been characterized as ambiguous. *Hallowell v. State Farm Mut. Ins. Co.*, 443 A.2d 925, 926 (Del.1982).

**28.** *Farquhar v. Alaska Nat'l Ins. Co.*, 20 P.3d 577, 579 (Alaska 2001).

**29.** 26 P.3d 1074, 1079 (Alaska 2001).

**30.** *See O'Neill Investigations, Inc. v. Illinois Employers Ins. of Wausau*, 636 P.2d 1170, 1175–76 (Alaska 1981).

**31.** *Safety Nat'l Cas. Corp. v. Pacific Employers Ins. Co.*, 927 P.2d 748, 750 (Alaska 1996) (quoting ROBERT E. KEETON, BASIC TEXT ON INSURANCE LAW § 6.3(a), at 351 (1971)).

and then interpret *Lawrence* in such a way as to preclude coverage.

Under both common and legal parlance, a successful NIED claim would be "because of" injury to an occupant of the insured vehicle. The fact that Teel's recovery is direct and not derivative does not extinguish the causal relationship between the accident and her injury, as required by the policy.

## V. CONCLUSION

Because the disputed policy provision does not limit coverage to derivative injuries, but rather provides coverage for those whose injuries are legally caused by and are the foreseeable result of injury to an insured, resident relative, or occupant of the insured vehicle, we AFFIRM the decision of the superior court.