Priscilla **WILLIAMS, individually and as conservator for minor children Q.W. and E.W., Plaintiff–Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant–Appellee.**

**No. 07CA1667.**

Colorado Court of Appeals, Div. I.

Sept. 18, 2008.

---

§ 24–51–1105, C.R.S.2007.

Gregory Chernushin, Colorado Springs, Colorado, for Plaintiff–Appellant.

Seaman, Murphy & Chambers, P.C., Thomas J. Seaman, Karl A. Chambers, Greenwood Village, Colorado, for Defendant–Appellee.

Opinion by Judge ROMÁN.

Plaintiffs, Priscilla Williams and her two minor children, appeal the trial court's summary judgment in favor of defendant, State Farm Mutual Automobile Insurance Company (State Farm). We affirm.

According to the parties' stipulated statement of facts, on August 10, 2003, gunshots were fired into a vehicle occupied by plaintiffs. One of plaintiffs' family members (the victim)—a fourth passenger in the vehicle—was struck by one or more bullets. Plaintiffs were not physically injured, but alleged "psychological/ psychiatric and/or emotional injuries." Four men were convicted of the shooting. The shooters did not have insurance.

Plaintiffs were insured under a policy issued by State Farm. The policy included uninsured motorist (UM) coverage with limits in the amounts of $100,000 for each person and $300,000 for each occurrence.

The policy provides:

Under 'Each Person' is the amount of coverage for all damages due to bodily injury to one person. 'Bodily injury to one person' includes all injury and damages to others resulting from this bodily injury, and all emotional distress resulting from this bodily injury sustained by other persons who do not sustain bodily injury.

State Farm paid plaintiffs $100,000—the policy limit for each person—based on the victim's gunshot injuries and plaintiffs' resulting emotional injuries. Plaintiffs filed suit, demanding an additional $200,000 in UM benefits for emotional distress.

Both parties moved for summary judgment. The trial court granted summary judgment in favor of State Farm, finding that plaintiffs' injuries were derivative of the victim's injuries and therefore included in the $100,000 per person limit.

## I. Standard of Review

Summary judgment is appropriate when the pleadings and supporting documentation demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *See* C.R.C.P. 56(c); *Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo.1988). We review the grant of a summary judgment motion de novo and apply the same standards that govern the trial court's determination. *Woodward v. Bd. of Dirs. of Tamarron Ass'n of Condo. Owners, Inc.*, 155 P.3d 621, 623 (Colo. App.2007).

## II. Derivative vs. Non–Derivative Claims

Plaintiffs contend the trial court erred in determining that their claims for emotional distress are derivative of the victim's bodily injury claim. We agree.

■ " 'Derivative noneconomic loss or injury' means nonpecuniary harm or emotional stress to persons other than the person suffering the direct or primary loss or injury." § 13–21–102.5(2)(a), C.R.S.2007. "Claims for derivative damages turn upon the right of the injured person to recover...." *Elgin v. Bartlett*, 994 P.2d 411, 416 (Colo.1999). In general, insurance benefits are available for derivative damages, including those that are the "consequences or results of the injuries the insured sustained." *Wieprzkowski v. State Farm Mut. Auto Ins. Co.*, 976 P.2d 891, 893 (Colo.App.1999).

■ However, an insured's claim for damages resulting from his or her own direct injuries is not derivative, but is a separate and distinct claim. *See Wieprzkowski*, 976

P.2d at 893; *see also Swan v. Farmers Ins. Exch.*, 140 P.3d 261, 265 (Colo.App.2006)(wrongful death and loss of consortium are separate, rather than derivative claims); *State Farm Mut. Auto. Ins. Co. v. Lawrence*, 26 P.3d 1074, 1079 (Alaska 2001)("claims for emotional distress concern injuries that the claimants have suffered directly, rather than derivative injuries that resulted from an injury to another").

■ Here, plaintiffs assert claims for emotional distress based on fear for their own safety during the shooting. These claims are not dependent on the victim's right to recover for his injuries, nor are they resulting from the victim's injuries. Thus, they are non-derivative, separate claims. *See Elgin*, 994 P.2d at 416; *Wieprzkowski*, 976 P.2d at 893.

## III. Colorado's UM Statute

Although the trial court erred in concluding plaintiffs' emotional distress claims were derivative, we nonetheless affirm the trial court's summary judgment because we conclude that Colorado law does not require an insurer to provide benefits for purely emotional harm. In so concluding, we reject plaintiffs' contentions that (1) the term "sickness" in § 10–4–609(1)(a), C.R.S.2007, requires an insurer to provide coverage for emotional distress damages; and (2) to the extent the insurance policy limits such damages, it violates public policy and is void.

When interpreting statutes, we give full effect to the intent of the General Assembly. To determine that intent, we look first to the statutory language. *O'Donnell v. State Farm Mut. Auto. Ins. Co.*, 186 P.3d 46, 49–50 (Colo.2008); *see Farmers Ins. Exch. v. Star*, 952 P.2d 809, 811 (Colo.App.1997). The interpretation of a statute is a question of law that we review de novo. *Richardson v. Farmers Ins. Exch.*, 101 P.3d 1138, 1140 (Colo.App.2004).

■ An insurance policy or a provision in the policy may be void as against public policy if it attempts to "dilute, condition, or limit statutorily mandated coverage." *De-Herrera v. Sentry Ins. Co.*, 30 P.3d 167, 173 (Colo.2001) (quoting *Terranova v. State*

*Farm Mut. Auto. Ins. Co.,* 800 P.2d 58, 60 (Colo.1990)).

Plaintiffs assert that the State Farm policy violates section 10–4–609 because it dilutes, conditions, or limits statutorily mandated coverage by limiting emotional damages for all claimants to the lower per person policy limit.

Section 10–4–609(1)(a) provides:

No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle licensed for highway use in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in section 42–7–103(2), C.R.S., under provisions approved by the commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; except that the named insured may reject such coverage in writing.

██ The purpose of section 10–4–609 is to " 'provide an insured with benefits to the extent necessary to recover for loss caused by a negligent and financially irresponsible motorist, subject to policy limits,' " which is "served when a person injured by an uninsured or underinsured motorist receives insurance coverage to the same extent as a person injured by an insured motorist." *Union Ins. Co. v. Houtz,* 883 P.2d 1057, 1064 (Colo.1994) (quoting *Kral v. Am. Hardware Mut. Ins. Co.,* 784 P.2d 759, 765 (Colo.1989)). However, section 10–4–609 does not require full indemnification of losses suffered by an insured; it provides coverage only to the extent necessary to compensate an insured for loss, subject to the limits of the insurance contract. *Farmers Ins. Exch. v. Star,* 952 P.2d at 812–13.

██ Plaintiffs claim that the statutory term "sickness" includes emotional distress,

and therefore, State Farm is required to provide coverage for purely emotional damages. Whether section 10–4–609 requires an insurer to provide coverage for purely emotional damages for a non-derivative claim is a matter of first impression in Colorado. We conclude that the phrase "bodily injury, sickness, or disease" as defined in Colorado as well as many other jurisdictions does not include emotional distress absent a physical manifestation of the injury.

In *National Casualty Co. v. Great Southwest Fire Insurance Co.,* 833 P.2d 741, 746 (Colo.1992), our supreme court concluded that bodily injury, defined in an insurance policy as "bodily injury, sickness, or disease," excludes purely emotional harm. In examining case law from other jurisdictions, the *National Casualty* court determined that the "majority of courts" that had interpreted the term "bodily injury, sickness, or disease" likewise concluded that "it covers physical injury and does not include claims for purely nonphysical or emotional harm." *Id.* The *National Casualty* court went on to state, "[o]nly a few courts, which we decline to follow, have determined that bodily injury includes emotional distress when there is no physical impact, fear of physical harm, or manifestation of emotional distress." *Id.*

Another division of this court, in interpreting *National Casualty,* concluded that coverage for emotional harm would be available only "if the injury [were] accompanied by physical manifestations of the emotional distress." *State Farm Fire & Cas. Co. v. Nikitow,* 924 P.2d 1084, 1089 (Colo.App.1995).

Other jurisdictions have likewise adopted the view that emotional distress, absent accompanying physical harm, does not constitute a bodily injury, sickness, or disease. *See Taylor v. Mucci,* 288 Conn. 379, 952 A.2d 776, 780 (2008) ("emotional distress, without accompanying physical harm, does not constitute a 'bodily injury' " where "bodily injury" is defined as "any bodily injury, sickness, disease, or death"); *Allstate Ins. Co. v. Wagner–Ellsworth,* 344 Mont. 445, 188 P.3d 1042, 1051 (2008)(definition of bodily injury, sickness, or disease requires "physical manifestations arising from a mental injury or sickness"); *Smith v. Animal Urgent Care, Inc.,*

208 W.Va. 664, 542 S.E.2d 827, 831 (2000)(bodily injury, sickness, or disease in general commercial liability policy does not include purely emotional harm); *see also McNeill v. Metro. Prop. & Liab. Ins. Co.*, 420 Mass. 587, 650 N.E.2d 793, 795 (1995); *State Farm Mut. Auto. Ins. Co. v. Connolly*, 212 Ariz. 417, 132 P.3d 1197, 1203 (Ct.App.2006); *U.S. Liab. Ins. Group v. Sec. Ins. Co.*, 381 N.J.Super. 211, 885 A.2d 477, 481 (App.Div. 2005); *Farm Bureau Mut. Ins. Co. v. Hoag*, 136 Mich.App. 326, 356 N.W.2d 630, 633 (1984).

Therefore, though plaintiffs' emotional distress claim is a separate, non-derivative claim, because plaintiffs did not allege a physical manifestation of an injury anywhere in the record before us, they do not assert claims for a "sickness" requiring separate UM benefits. *See Swan*, 140 P.3d at 265 (insurance policies need not treat derivative claims the same as claims for bodily injury).

Accordingly, we conclude that the trial court correctly granted summary judgment in favor of State Farm.

The judgment is affirmed.

Judge ROTHENBERG and Judge CONNELLY concur.