*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| NATHAN BALL, | ) | |
| | ) | Supreme Court No. S-16573 |
| Appellant, | ) | |
| | ) | Superior Court No. 4FA-15-02904 CI |
| v. | ) | |
| | ) | O P I N I O N |
| ALLSTATE INSURANCE COMPANY, | ) | |
| an Illinois company, | ) | No. 7275 – August 17, 2018 |
| | ) | |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Michael A. MacDonald, Judge.

Appearances: Ward Merdes, Merdes Law Office, P.C., Fairbanks, for Appellant. Alfred Clayton, Jr. and Ryan Thomas Bravo, Clayton & Diemer, LLC, Anchorage, for Appellee.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

WINFREE, Justice.

## I. INTRODUCTION

Allstate Insurance Company denied underinsured motorist (UIM) coverage to Nathan Ball for an accident involving his own vehicle after determining he was not an insured person under his then-fiancée's parents' Allstate automobile insurance policy.

Ball contended that his fiancée was a "policyholder" for purposes of her parents' policy, a necessary predicate to his argument for UIM coverage under the policy. But the policy declarations page did not list "policyholders," it listed only "named insureds" and "drivers." The superior court ruled on summary judgment that the policy language was not ambiguous because "policyholder" referred only to the parents, the "named insureds," that the fiancée — only a listed driver — had no objectively reasonable expectation that she was a policyholder, and, therefore, that Allstate did not have a duty to provide Ball UIM coverage. We agree that "policyholder" encompasses only the named insureds, not listed drivers, and we therefore affirm the superior court's decision.

## II.    FACTS AND PROCEEDINGS

In September 2012 Allstate delivered an automobile insurance policy renewal to Richard and Kathryn Davis at their address in Tok, incorporating changes they had requested to the policy. The policy listed "Richard & Kathryn Davis" as the "NAMED INSURED(S)" and "Richard" and "Kathryn," as well as "Vivian," the couple's adult daughter, as "DRIVER(S)." (Emphases omitted.)

One day in December Vivian and her then-fiancé, Nathan Ball, were driving two of Ball's vehicles; the vehicle Ball was driving stalled. Vivian backed the vehicle she was driving to the front of the stalled vehicle so that Ball could attach a tow chain. While Ball was positioned between the two vehicles, a third party drove into the back of the stalled vehicle; Ball was seriously injured.

Ball made successful claims under the third party's liability insurance coverage, under his own liability insurance coverage protecting Vivian, and under his own UIM insurance coverage. Ball also made a claim under the UIM provision of the Davises' Allstate policy.

The Allstate UIM provision states Allstate "will pay all damages, other than punitive or exemplary damages, that an insured person is legally entitled to recover from

the owner or operator of an uninsured or underinsured auto because of . . . bodily injury sustained by an insured person." (Emphasis omitted.) The policy defines "[i]nsured [p]ersons" as "[y]ou and any resident relative" or "[a]ny person while in, on, getting into or out of your insured auto with your permission," (emphases omitted) and defines "insured auto" to include a motor vehicle "not owned by you or a resident relative if being operated by you with the owner's permission." (Emphases omitted.) The policy defines "[y]ou" or "[y]our" as "the policyholder named on the Policy Declarations and that policyholder's resident spouse." (Emphases omitted.)

Allstate denied coverage for Ball's claim. Allstate contended that Ball did not qualify as an insured person under the Davises' policy because "[n]one of the definitions of '[i]nsured [p]ersons' appli[ed] to [Ball's] status at the time of the accident." Allstate explained that Ball was "neither a policyholder of the Davis policy, nor a resident relative in the Davis household," that "[t]he two people defined as 'you' [and thus policyholders] are Richard and Kathryn Davis," and that the car Vivian was driving at the time of the incident was owned by Ball and thus a non-owned auto under the Davises' policy.

Allstate subsequently filed a complaint for a declaratory judgment that it had no duty under the terms of the policy to make any payment to Ball for his UIM claim, and it then moved for partial summary judgment. Allstate argued Ball was not an insured under the policy because the policy language and cases considering similar language established that Vivian — a listed permissive driver — did not meet the policy definition of "you" and Ball's vehicle did not meet the definition of "your insured auto." Ball's opposition and cross-motion for summary judgment argued that the policy was ambiguous because it defined "you" as "the policyholder named on the Policy Declarations" but failed to name a policyholder on that page, instead listing "named insureds" and "drivers." Ball contended there was a reasonable expectation that the

policy should be construed in favor of coverage because Vivian submitted an affidavit stating she believed she was a policyholder.

The superior court granted Allstate's motion and denied Ball's cross-motion. The court determined the policy language was not ambiguous because "policyholder" referred only to the named insureds — Richard and Kathryn — not to listed drivers, and Vivian did not have an objectively reasonable expectation that she was a policyholder.

Ball filed a motion for reconsideration, arguing that the court unnecessarily based its decision on "whether Vivian can be reasonably identified as a 'Policyholder' " because the policy did not define the term and Vivian had a reasonable expectation that she was a policyholder. The court denied Ball's motion, holding Ball's interpretation of "policyholder" was not reasonable and finding Ball failed to "raise any material facts or propositions of law that change the [court's] analysis."

Ball appeals, arguing the superior court erred in granting summary judgment because "policyholder" is ambiguous and Vivian had an objectively reasonable expectation that she was a policyholder.

## III.   STANDARD OF REVIEW

We review grants of summary judgment de novo.[1] The superior court's interpretation of insurance policy language is also reviewed de novo.[2] "We therefore

---

[1]     *Christensen v. Alaska Sales & Serv., Inc.*, 335 P.3d 514, 516 (Alaska 2014) (citing *Hurn v. Greenway*, 293 P.3d 480, 483 (Alaska 2013)).

[2]     *United Servs. Auto. Ass'n v. Neary*, 307 P.3d 907, 910 (Alaska 2013) (citing *State Farm Mut. Auto. Ins. Co. v. Dowdy*, 192 P.3d 994, 998 (Alaska 2008)).

apply a de novo standard of review, 'adopting the rule of law that is most persuasive in light of precedent, reason, and policy.' "[3]

## IV. DISCUSSION

"When interpreting insurance policies, we look to the language of the disputed provisions, other provisions in the policy, extrinsic evidence, and case law interpreting similar provisions."[4]

> Insurance policies are construed . . . to honor a lay insured's reasonable expectations. Policy language is construed in accordance with ordinary and customary usage. Ambiguities in . . . insurance policies are to be construed most favorably to an insured, but ambiguities only exist when there are two or more reasonable interpretations of particular policy language.[5]

### A. Disputed Policy Provision And Other Relevant Provisions

The policy states Allstate "will pay all damages, other than punitive or exemplary damages, that an insured person is legally entitled to recover from the owner or operator of an uninsured or underinsured auto because of . . . bodily injury sustained by an [i]nsured [p]erson." (Emphasis omitted.) The policy defines "insured person" as "[y]ou and any resident relative" or "[a]ny person while in, on, getting into or out of your insured auto with your permission," and defines "insured auto" to include a motor vehicle "not owned by you or a resident relative if being operated by you with the owner's permission." (Emphases omitted.) "You" and "[y]our" are defined as "the

---

[3] *Dowdy*, 192 P.3d at 998 (quoting *State Farm Mut. Auto. Ins. Co. v. Lestenkof*, 155 P.3d 313, 316 (Alaska 2007)).

[4] *Neary*, 307 P.3d at 910 (citing *Allstate Ins. Co. v. Teel*, 100 P.3d 2, 4 (Alaska 2004)).

[5] *Dowdy*, 192 P.3d at 998 (footnotes omitted) (citing *Allstate Ins. Co. v. Falgoust*, 160 P.3d 134, 138-39 (Alaska 2007)).

policyholder named on the Policy Declarations and that policyholder's resident spouse." (Emphases omitted.)

The policy declarations do not name any "policyholders" in the five distinct rows of information. Instead, the declarations page's first row states the "NAMED INSURED(S)": "Richard & Kathryn Davis" and their Tok address. (Emphasis omitted.) That same row lists "YOUR ALLSTATE AGENT" and "YOUR BILL," providing "your payment options." (Emphases omitted.) The second row lists the policy number and period. The third row identifies "DRIVER(S) LISTED": "Richard, Kathryn, Vivian." (Emphasis omitted.) The fourth and fifth rows list the covered vehicles and total premium, respectively.

The policy is addressed to "Richard & Kathryn Davis." The policy cover letter notifies Richard and Kathryn of the changes "you requested to your policy"; identifies "[y]our premium" and "[y]our discount savings for this policy period"; and instructs them to "[v]erify the vehicles and *drivers* listed on the Policy Declarations." (Emphasis added.) The policy's "Proof of Insurance Card" lists "Richard & Kathryn Davis" with their Tok address. Adjacent to this information, the policy states: "[t]he Policy Declarations section contains detailed information about your policy such as *drivers*, vehicles, coverages, limits, and premiums." (Emphasis added.)

The "General" section of the policy, which identifies the scenarios that would result in a premium change, states: "The premium for each auto is based on information Allstate has received from you or other sources. . . . You agree that if this information changes or is incorrect or incomplete, we may adjust your premium accordingly during the policy period." (Emphases omitted.) One enumerated change that could result in a premium adjustment is a "change in *drivers* residing in your household, their ages or marital status." (Emphasis added; original emphasis omitted.)

Although the policy declarations page does not identify the "policyholders," it is apparent that "Richard & Kathryn" — the persons identified as insureds, named on the policy's insurance cards, and identified as those financially responsible for the policy — are intended to be the policyholders. By contrast, "Vivian" is identified only as a permissive driver of the listed vehicles and Vivian's last name and contact information are not listed anywhere on the policy. The policy repeatedly distinguishes "you" and "your" from "drivers," but it does not distinguish "you" and "your" from "insureds." As Allstate argues, "[i]f 'you' and 'drivers' were plausibly the same person(s), the Policy would not continually list them separately and inform 'you' of 'your' duties regarding 'driver(s).' "

## B.    Ordinary And Customary Usage

"Policy language is construed in accordance with ordinary and customary usage."[6] The parties dispute the ordinary and customary usage of "policyholder." Citing an internet dictionary, Ball argues that "[a] common, general dictionary definition of the term 'policyholder' is 'an insured.' " Allstate contends this definition is too "broad[]," arguing that "ordinary and popular definitions of 'policyholder' have one thread that weaves them together: they use policy ownership and control as the foundation of being a policyholder."

Black's Law Dictionary defines policyholder as "[s]omeone who owns an insurance policy, regardless of whether that person is the insured party. — Also termed *policyowner*."[7] Webster's Third New International Dictionary similarly defines

---

[6]    *Falgoust*, 160 P.3d at 139.

[7]    *Policyholder*, BLACK'S LAW DICTIONARY (10th ed. 2014) (emphasis in original).

policyholder as "one . . . granted an insurance policy."[8]  The owners of the Allstate policy are "Richard & Kathryn Davis":  they procured the policy; the policy was addressed and mailed to them at their address in Tok; they were financially responsible for premium changes; and they had the ability to change or confirm changes to the policy, including rejecting UIM coverage.  These ownership attributes are not applicable to Vivian, who is merely a permissive driver.  Only Richard and Kathryn Davis — the named insureds — are owners and thus policyholders of the policy.

Our natural replacement of one with the other in a case interpreting a different provision in a nearly identical policy further suggests that "policyholder" usually means the "named insured."[9]  And we also note that Alaska's Division of Insurance has used "named insured" and "policyholder" interchangeably.  In 1997 the legislature enacted AS 28.20.440(*l*), permitting a "person named as insured" to exclude from coverage a household or family member.  The Division, in a bulletin to insurers, expressed concern that "a *policyholder* may be unaware of the potential risks" of requesting such an exclusion and encouraged insurers "to develop a disclosure form for the *named insured* to sign if the *named insured* requests that a relative or resident of the household be excluded from the policy."[10]  If Ball's interpretation controlled, this statute could enable someone in Vivian's situation — without the requisite ownership attributes

---

[8]     *Policyholder*, WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (2002).

[9]     *See Teel*, 100 P.3d at 3-4 (interpreting whether policy language describing coverage for bodily injury barred negligent infliction of emotional distress claim).  The policy in that case similarly defined "you" as "the policyholder named on the declarations page and that policyholder's resident spouse."  When restating the policy's definition of "insured person," we replaced "you" with "[t]he named insured."  *Id.*

[10]     State of Alaska Dep't of Commerce & Econ. Dev., Bulletin 97-07 (July 22, 1997) (emphases added).

of a policyholder — to remove from coverage any other person listed on the declarations page who was a household or family member. This is not an objectively reasonable interpretation of the policy language.

### C.  Case Law From Other Jurisdictions

Case law from other jurisdictions supports our interpretation that "policyholder" encompasses "named insureds" but not listed drivers. *Carlson v. Allstate Insurance Co.*, from the Minnesota Supreme Court, is squarely on point in its analysis of a nearly identical UIM policy provision listing two parents as named insureds and their two sons as drivers.[11] The *Carlson* court held the policy was unambiguous because "a reasonable interpretation of the policy is that the term 'policyholder' refers to the named insureds and not the drivers listed on the declarations page."[12] The court's conclusion was premised on its review of the dictionary definitions of policyholder[13] and its determination that a reasonable person would know who owns an insurance policy by looking at who "secured the policy and paid the premiums."[14] Because there was no basis for an alternative interpretation "[o]ther than the fact that the drivers as well as the named insureds appear on the declarations page," the court concluded that "a reasonable

---

[11]  749 N.W.2d 41, 43-44 (Minn. 2008).

[12]  *Id.* at 45.

[13]  *Id.* ("[O]ne who owns an insurance policy." (quoting *Policyholder*, BLACK'S LAW DICTIONARY (8th ed. 2004))); *id.* ("[T]he individual . . . in whose name an insurance policy is written; an insured." (alteration in original) (quoting *Policyholder*, THE RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE (2d ed. 1987))).

[14]  *Id.*

person, even one unversed in the law or insurance, would understand that 'policyholder' referred to the policy's owner."[15]

In *Laird v. Allstate Insurance Co.* the Oregon Court of Appeals held that a daughter was not a policyholder of a nearly identical policy when she was listed by her first name and her parents were listed as named insureds.[16] The court reasoned that "the only plausible construction of the policy is to read the word 'policyholder' as referring to the named insureds."[17] The court premised its conclusion on its analysis of the ordinary meaning of policy and policyholder, the fact that "the named insureds are the persons who obtain and control an insurance policy," and its reasoning that "[i]f 'you' and 'your' were intended to include listed drivers other than the named insureds, it seems likely that the policy would note the address of any such person."[18]

## D.    Summary

Based on Allstate's policy language, common usage of "policyholder," and other jurisdictions' analysis of similar policy language, "policyholder" encompasses only

---

[15]    *Id.* at 45-46.

[16]    221 P.3d 780, 781 (Or. App. 2009).

[17]    *Id.* at 785.

[18]    *Id.*; *see also Allstate Ins. Co. v. Agoston*, No. 1:11-cv-1210-WTL-TAB, 2012 WL 2562384, *3-4 (S.D. Ind. June 29, 2012) (holding that omission of "policyholder" on declarations page was not ambiguous because only parents' address was listed, that next to parents' names it stated "Your Allstate Agent" and "Your Bill," and that because "your" clearly refers to parents "[i]t would be unreasonable to construe [the daughter], who is only listed as a driver, as a policyholder"). *Cf. Reynolds v. Allstate Ins. Co.*, 855 F. Supp. 2d 989, 997 (N.D. Cal. 2012) (analyzing whether passenger whose name appeared as named insured fit within policy's household exclusion language; finding ambiguity because declarations page did not identify "policyholder," but noting "the fact that the term 'policyholder' is not defined in the policy does not by itself create an ambiguity").

the "named insureds," not listed drivers; we therefore affirm the superior court's grant of summary judgment.

## V.   CONCLUSION

The superior court's decision is AFFIRMED.